## HORACE N. GOODRICH

*v.*

## JOHN VAN NORTWICK.

CONTRACT—*construction of.* Where a party purchased of another a fanning mill, with an agreement, that he might return it within thirty days if it did not suit him, he became the sole judge under the contract, as to whether it suited. That question did not depend upon the opinion or judgment of others.

APPEAL from the Court of Common Pleas of the city of Aurora.

This was an action commenced before a justice of the peace by Van Nortwick, to recover back money paid to Goodrich for a fanning mill, and the case was taken by appeal to the Circuit Court of Kane county. The venue was changed to the Court of Common Pleas of the city of Aurora, where the case was tried by a jury, and a verdict found in favor of the plaintiff for twenty-five dollars. A motion for a new trial being overruled, a judgment was rendered upon the verdict. The case was brought to this court by appeal.

The evidence is stated in the opinion of the court.

Mr. CHARLES WHEATON, for the appellant.

Mr. F. M. ANNIS and B. F. PARKS, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears from the evidence in this case, that appellee's son, as the agent of his father, went to appellant in the spring of 1862, and purchased and paid for a fanning mill to clean wheat. It was however understood by the parties, that if the mill suited appellee, and answered the purpose, he was to keep it, otherwise, it was to be returned within thirty days from the time the purchase was made, and the money was to be refunded.

The mill was returned within the thirty days, upon the ground that it did not suit appellee or answer the purpose for which it was purchased. Appellant, on the return of the property, refused to refund the money, and a suit was instituted before a justice of the peace for its recovery. The case was removed to the Circuit Court of Kane county, where a trial was had resulting in favor of appellant, but a new trial was granted, after which the venue was changed to the Court of Common Pleas of the city of Aurora. On a trial in that court, appellee recovered a judgment for twenty-five dollars, to reverse which, the cause is brought to this court.

But one question arises in the case, and that is as to the true construction to be given to the agreement. By this agreement did appellee have the option of returning the machine, or was he bound to show, that it failed to answer the purpose reasonably well for which it was designed? The terms of the agreement were, that if it suited and answered the purpose. It is manifest, that it was required to answer both requirements. If it did not suit appellee then he had the right to return the property, and he was by the terms of the contract to be sole judge of whether it suited him. That did not depend upon the opinion or judgment of other persons. It was a right he reserved by his contract, and having reserved the right, he could not be prevented from exercising it within the limited period.

Again, if it did not answer the purpose for which it was purchased he had the right to return it within the time. But, failing to suit, he was not bound to show that it did not answer the purpose of its purchase. All evidence therefore introduced to prove that it did not work well was unnecessary, and immaterial to the issue. It did not suit appellee, and he returned the property within the stipulated period, and according to the agreement appellee was bound to prove nothing more. The court therefore did not err in rejecting the evidence offered by appellant, to prove that the machine was capable of performing well, and would have answered the purpose for which it was sold, had it been properly used. Such evidence was outside of

the issue. We are unable to see that any error was committed by the court below in trying the cause, and the judgment must be affirmed.

*Judgment affirmed.*