69   355
124  527
69     355
105a  7558

EDWIN R. KENDALL

*v.*

JULIUS M. LIMBERG.

1. DEPOSITIONS—*certificate of official character of person taking.* Where a deposition is taken by a commissioner, no certificate of his official character is necessary.

2. SAME—*mistake in certificate as to the commission.* A commissioner taking a deposition under a commission, is not required to certify any thing

in respect to the commission, and therefore if he undertakes to describe it in his certificate, and misdescribes the name of the clerk who issues it, it will be no ground for suppressing the deposition.

3. SAME—*mistake of party's name in certificate of administering oath.* Where the names of the parties to the suit are properly described in the caption of a deposition, a subsequent mistake in the christian name of the plaintiff, in the certificate of the swearing of the witness, will not be fatal, as, taking the whole deposition together, there can be no doubt that the witness was properly sworn.

4. EVIDENCE—*opinion as to character of an act done.* In an action for false imprisonment, it is error not to suppress an answer of a witness in a deposition that characterizes the defendant's treatment of the plaintiff as: "I thought then, and think now, that the defendant's treatment of plaintiff was very indecent, brutal, and very unbecoming an officer and gentleman." But if the witness has previously given all the particulars of the treatment, detailing the acts and words, so as to enable the jury to judge of the character of the same, the error will not be so grave as to call for a reversal.

5. SAME—*to prove the appointment of one as constable.* The records of the town clerk's office are not the proper evidence of the appointment of one to the office of constable to fill a vacancy. The warrant of appointment, it seems, is the proper evidence of the fact.

6. NEW TRIAL—*newly discovered evidence.* Where the name of the witness, whose testimony is relied on for a new trial, was known to the party so applying, and his knowledge of the facts also, but not his place of residence, this will be no ground for granting a new trial. The party should have applied for a continuance to get the witness.

7. Where the newly discovered evidence is not conclusive in its character, but is merely cumulative and contradictory of the other party's witnesses, it affords no ground for a new trial.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. S. R. MOORE, for the appellant.

Mr. JAMES N. ORR, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass, brought by Limberg against Kendall, for false imprisonment. A verdict and judgment were rendered against the defendant, and he has appealed from the judgment.

Errors are assigned in respect to depositions which were taken in the cause :

*First*—That they were not accompanied by a certificate of the official character of the person taking the depositions. They were taken by a commissioner, and no such certificate was required.

*Second*—That the commissioner certifies he was acting under a commission, bearing test in the name of Noel Brasseau; and the commission issued bears test in the name of Geo. R. Letourneau.

The commissioner was not required to certify any thing in respect to the commission. His duty in the premises was, to inclose the depositions with the commission and interrogatories, and send the same to the clerk of the court who issued the commission. The commission shows an authority to take the depositions. The undertaking of the commissioner to describe the commission, and in doing so, his misdescribing the name of the clerk who issued it, in no way detracts from such authority.

*Third*—The name of the plaintiff is Julius M. Limberg, and it is objected, that in the commissioner's certificate annexed at the foot of the depositions, he certifies, "that previous to the examination of the witnesses in the suit between the said *John M. Limberg*, plaintiff, and the said Edwin R. Kendall, defendant, they were each duly sworn to testify the truth in relation to the matter in controversy between the said *John M. Limberg*, plaintiff," etc. In the caption of the depositions the commissioner recites, that he was directed by the commission to take the depositions of the witnesses in a suit pending in the circuit court of Kankakee county, wherein Julius M. Limberg was plaintiff, and Edwin R. Kendall was defendant, and that the witnesses were duly sworn by him, as witnesses in said cause, previous to the commencement of the examination, to testify the truth in relation to the matter in controversy between the said plaintiff and defendant.

There was clearly a clerical mistake in the description of the name of the plaintiff in the certificate. The caption showed this, and sufficiently corrected the mistake.

Taking the whole deposition together, there can be no doubt that the witnesses were properly sworn.

*Fourth*—That the court refused to suppress the answers to the 8th interrogatory, which were as follows :

'Interrogatory. Please state the manner in which said defendant treated said plaintiff, and what, if any thing, was said to you by the said parties in the hearing of each other, or by you to the said parties, at the said time, in the presence of each of them, and all that occurred at said time ?

Answer of Edwin J. Green : I thought then, and I think now, that defendant's treatment of plaintiff was very indecent, brutal, and very unbecoming an officer and gentleman. I have related the circumstances between the parties, and with me, and in my presence, in answer to interrogatories 4 and 6 of this deposition.

The answer of the other witness was, that he considered the treatment rude and ungentlemanly.

To refuse to suppress the first sentence of the above answer, was a plain error. But we hardly think it one serious enough to require a reversal of the judgment. All the particulars of defendant's treatment of plaintiff, the acts and words, had been fully detailed in the answers to the 4th and 6th interrogatories. The jury had before them full means of judging, for themselves, what kind of treatment it was. The witness' characterization of it, although manifestly wrong, does not seem calculated to have produced enough of injury to the defendant to make the error a fatal one.

It is urged as error that the court excluded the records of the town clerk's office, which were offered in evidence for the purpose of showing the appointment of defendant to fill a vacancy in the office of constable; the defendant justified as a constable, and thence a necessity of proving him to be such. But the statute prescribes, that a vacancy in the office

of constable shall be filled by appointment by warrant, under the hands and seals of the justices of the peace of the town, the supervisor, and the town clerk. The record offered was not the proper proof of the appointment. Besides, the defendant himself testified, without objection, to the warrant of appointment, and to his taking the oath and giving bond as constable; and the instructions in the case make no question as to defendant being a constable, but they make the right of recovery to depend upon whether defendant arrested the plaintiff in the State of Indiana, and compulsorily brought him into this State, or whether the plaintiff voluntarily returned here with the defendant. There is nothing in this point.

It is lastly urged, that the court erred in not granting a new trial, on the ground of newly discovered evidence.

As to Williams, who was with defendant at the time of the alleged arrest, his testimony was known to defendant previous to the time of the trial, and it is only his place of residence that has been discovered since the trial. The defendant should have made an application for a continuance, on account of not having been able to procure the testimony of this witness, instead of voluntarily going into the trial without it. And, as to all the newly discovered testimony, it is not conclusive in its character, and is merely cumulative, and contradictory of plaintiff's witnesses, and does not afford ground for a new trial, according to the well settled rule upon the subject. *Smith* v. *Shultz,* 1 Scam. 491; *Martin* v. *Ehrenfels,* 24 Ill. 187; *Adams* v. *The People,* 47 Ill. 376.

The judgment will be affirmed.

*Judgment affirmed.*