## The City of Paris v. Anna Morrell.

1. New Trials—*Newly Discovered Evidence.*—It is a general principle that to warrant a court in setting aside a verdict and reopening litigation for newly discovered evidence, it must be such as ought to produce on another trial an opposite result on the merits.

Memorandum.—Case for personal injuries. Appeal from the Circuit Court of Edgar County; the Hon. Francis M. Wright, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

J. W. Howell, attorney for appellant.

Dyas & Van Dyke, attorneys for appellee.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

In this, an action on the case, the appellee, upon the verdict of a jury, recovered a judgment against the appellant city in the sum of $300 as damages for injuries to her foot

and ankle, occasioned by stepping into an open ditch exca-
vated by the city in one of its streets. The city entered its
motion for a new trial, the only ground assigned being that
since the trial new evidence had been discovered material to
the rights of the city. It appeared in the evidence submit-
ted to the jury, that the appellee, in company with Mrs.
Jennie Johnson, ate supper in "Whalen's" restaurant, in
the city of Paris, but a few minutes before she received the
injuries complained of, and that in company with her hus-
band she returned to the same restaurant within a short time
thereafter — perhaps ten or fifteen minutes after — she had
received the hurt or injury to her foot. The newly discov-
ered testimony, as disclosed in the affidavit filed in support
of the motion for a new trial, is to the effect that the appel-
lee came into the restaurant twice on the evening in ques-
tion; the first time accompanied by Mrs. Johnson, and after-
ward accompanied by her husband; and that she was lame in
her ankle or foot, and put off her shoe while in the restau-
rant, and after replacing it, limped as she walked, on the
occasion of her visit to the restaurant with Mrs. Johnson,
which was before the appellee claims that she received the in-
jury to her foot and ankle by stepping into the ditch. Upon
the trial the appellee testified that after she received the injury,
while at the restaurant with her husband, her foot pained her,
and that she unbuttoned her shoe, etc. Mrs. Johnson testified
that she did not notice that the appellee was lame or limped
as she walked while they were at the restaurant together,
but that she did limp after she returned with her husband.
Three physicians testified to the jury that they rendered pro-
fessional service to the appellee on the occasion in question,
and each expressed the opinion that the ligaments or tendons
that knit or hold together her ankle joint, had been lacer-
ated or torn, and that her injuries were such as would prob
ably result from stepping or falling into a ditch. Had the
newly discovered evidence been produced upon the hearing,
its only tendency would have been to show that the appel-
lee's foot or ankle had been injured before she claimed to
have stepped into the ditch. In opposition to it would have

been the testimony of the appellee, Mrs. Johnson, and that of the physicians. All conflict in such testimony would revert to the single point whether the indications of pain and lameness exhibited by the appellee while in the restaurant were when she was there upon the first occasion with Mrs. Johnson, or when there a few minutes afterward in company with her husband. We have no doubt but that a jury would harmonize the conflict in such testimony upon the theory that all the witnesses were honest and truthful, but that those who testified as to the occurrences in the restaurant in opposition to the testimony produced in behalf of the appellee, were mistaken, not as to what really occurred there, but as to the time or occasion thereof. It is a general principle that to warrant the court in setting aside a verdict and reopening litigation, the newly discovered evidence must be such as ought to produce on another trial an opposite result on the merits. 18 Amer. and Eng. Ency. of Law, page 564, and many authorities cited in note 3; Kendall v. Limberg, 69 Ill. 355; Thompson on Trials, Vol. 2, Sec. 2762.

As we have before said, we think a jury would harmonize the newly discovered testimony, if submitted to them, with that produced upon the trial, without in any manner or degree impugning the truthfulness of the witnesses, or leading the minds of the jury to a different conclusion; nor does it seem to us that the newly discovered testimony, considered in connection with the testimony presented in behalf of the appellee, ought to produce a result different from that attained by the verdict and judgment sought to be reversed. No objection was made in the Circuit Court that the evidence did not support the allegations of the declaration, and that there was a variance in that respect, or that the evidence was not sufficient to support the verdict, nor was any ruling of the court as to either of these points preserved for review by an appellate court. Such complaints can not be made known for the first time in this court. We have, however, examined the testimony and the rulings of the court with care, and think neither objection tenable. The judgment must be and is affirmed.