## Quaker Manufacturing Company, sued as Wireton Heating Company, v. Zucker, Levett & Loeb Company.

### Gen. No. 12,225.

1. PERSONAL PROPERTY—*when title to, passes.* The title to personal property sold subject to trial does not pass to the vendee.

2. PERSONAL PROPERTY—*when vendee not liable for purchase price.* Where personal property has been sold and delivered subject to trial by the vendee and the same is destroyed prior to final acceptance by the vendee, the vendee is not liable for the purchase price.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed, with finding of facts. Opinion filed February 20, 1906.

**Statement by the Court.** Appellee commenced this action in the Circuit Court against appellant to recover for the purchase price of a nickel-plating plant and outfit which appellee claimed to have sold and delivered to appellant. The offer for the purchase of the plant was made on January 14, 1902, when appellant proposed to pay for it the sum of $325 instead of $352, the price made to appellant by Ber-

lett, agent for appellee. This offer was accepted by appellee and a telegram to that effect was sent by appellee to Berlett, which he exhibited to appellant.

The question in controversy between the parties is whether by the terms of the agreement appellant was given thirty days in which to test and 'try the plant and if it was found satisfactory to appellant, it would then accept the plant, but if the plant was not satisfactory to appellant at the expiration of the thirty days appellee would then remove it without expense to appellant. This is the contention of appellant. Appellee on the other hand contends that the arrangement claimed by appellant applied to the dynamo only, not to the complete outfit, consisting of plant and supplies therefor.

The outfit was delivered at the factory of appellant at Chicago Heights, Illinois, on February 4, 1902, but was not unpacked. Appellant's factory was burned on the next day, without fault of appellant, and the outfit was injured or destroyed in the fire. Appellant returned parts not destroyed to appellee but appellee refused to receive the same.

The trial resulted in a judgment against appellant for $275.

ARCHIBALD CATTELL, for appellant.

GREGORY, POPPENHUSEN & McNAB, for appellee; MICHAEL GESAS, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

In the view we take of this case it will not be necessary for us to consider the errors assigned relating to the admission and exclusion of evidence, and the instructions.

By the first and second errors assigned the question is presented whether or not the verdict is against the weight of the evidence.

It appears from the evidence in the record that appellant was engaged in manufacturing heating apparatus at Chicago Heights, Illinois, and that appellee, a New York corporation with factory and office in New York City, was engaged

in the manufacture and installation of nickel-plating plants. Theodore Berlett was appellee's agent in Chicago. Appellee having learned that appellant was in the market for a nickel-plating plant, advised appellant that Berlett would call upon it, and Berlett called on January 8, 1902, in regard to selling appellant a plant. He was advised by both Austin the president and Heald the secretary of appellant that they were wholly ignorant of the requirements of a nickel-plating outfit, and that they would have to rely upon his company to furnish them the kind of plant needed. Berlett proposed at this interview to put in a plant for appellant and give them thirty days to run it and would take it out at the end of that time if it did not prove to be satisfactory, without expense, but if it was satisfactory appellant was to take it and pay for it. Berlett also submitted some figures at this interview. Austin and Heald, however, refused to consider his proposition on account of the price asked.

On January 14, 1902, Berlett again called upon Heald and Austin at appellant's office in Chicago, and a letter from appellee dated January 11, 1902, to appellant was discussed. Heald and Austin referring to the clause in the letter wherein it was proposed to give appellant thirty days for the trial of the dynamo alone told Berlett that it was not a question of a dynamo alone but that they wanted a complete plant installed and guaranteed. Berlett then proposed to put in a plant for $350. After a conference between Austin and Heald they told Berlett they would give $325 for the plant installed as previously talked and guaranteed to run thirty days on trial to their satisfaction, and if satisfactory they would accept it and pay $325 for it, but if it was not satisfactory they would not pay for it. Berlett then said that he did not believe appellee would take that price but he would wire his company. Two days later, January 16, 1902, Berlett called at appellant's office in Chicago and showed a telegram of that date from appellee, that they would ship the outfit to appellant less twenty-five dollars. This was practically appellant's offer and Berlett was told that if he would

put in the plant within ten days or two weeks he might do it.

The testimony of Berlett admits substantially though reluctantly the contract as stated by Austin and Heald. The letter of January 11, 1902, from appellee to appellant did not enter into or form a part of the contract as finally concluded between the parties, for it was expressly dissented from in the conversation of January 14, 1902.

But one conclusion, in our opinion, can be drawn from the evidence as to the terms of the contract under which the outfit was shipped, and that is that the contract gave appellant thirty days after the plant was installed in which to test it, and if at the end of that period it was satisfactory to appellant it was to be accepted and paid for. If the plant was not satisfactory at that time it was to be removed by appellee without expense to appellant.

The question then is to whom, under this agreement, did the outfit belong when it was delivered at appellant's factory and was injured or destroyed by fire on February 5, 1902. In our opinion it remained appellee's property and was at its risk.

Pierce v. Cooley, 56 Mich., 552, was an action to recover the price of a spoke-dressing machine, which the plaintiff claimed was purchased by the defendants, but which they claimed they held merely on trial when it was accidentally destroyed by fire. CAMPBELL, J., speaking for the court, said:

"The contract was not to accept the machine if it worked well, but to accept it if it worked to defendants' satisfaction. They could reject it at any time if it did not please them, whether good or bad. Wood Reaping & Mowing Machine Co. v. Smith, 50 Mich., 565. This option, we think, continued until May 1, 1884, when they undoubtedly were bound to decide. * * * The title could not pass without acceptance until the time of choice was over, and the plaintiff was owner of the machine when burned and not the defendant."

See Wells v. Calnan, 107 Mass., 514; Goodrich v. Van Nortwick, 43 Ill., 445.

The contract was entire and executory; it was not a sale of specific goods, and therefore no title passed at the making of the agreement. Benjamin on Sales (6th Am. Ed.), sec. 308.

In Huyett & Smith Co. v. Edison Co., 167 Ill., 233, it is said: "This court is fully committed to the doctrine that when a contract is entire, as in the case here, and the property has been destroyed by fire without the fault of either before the contract has been fully performed, no recovery can be had." To the same effect is Siegel v. Eaton, 165 Ill., 550.

Applying the law to the facts shown in the record, no title to the outfit had passed to appellant; the purchase price for which this suit was instituted to recover never became due to appellee, which was still the owner of the property, and the loss must fall on appellee.

The judgment of the Circuit Court is reversed.

*Reversed with finding of fact.*