GWYNNE M. TEMBY

*v.*

THE WILLIAM BRUNT POTTERY COMPANY.

*Opinion filed October 23, 1907.*

1. DEPOSITIONS—*a commission may be directed to any disinterested person.* A commission to take depositions may be directed by the court to any disinterested person, whether he holds an office or not, and in either case he derives his authority from the commission and no other authority need be shown.

2. SAME—*when certificate of official character of notary public unnecessary.* Where a commission to take depositions is directed to a certain person by name, the fact that he is also described as notary public does not render it necessary that his certificate to the depositions shall be under his notarial seal or that there be a certificate of his official character as notary public.

3. CONTRACTS—*provision construed as to employer's right to reject orders of a salesman at his discretion.* A contract of employment as a salesman for a pottery company which provides that no commissions shall be paid on orders not shipped or on uncollectible accounts, and that the acceptance of orders is to be "at the discretion" of the pottery company, precludes a recovery of commissions on orders which the pottery company, in its own discretion, sees fit to reject, regardless of whether or not some other person would have accepted and shipped the orders.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

HENRY W. PROUTY, and AARON C. HARFORD, for plaintiff in error.

WILLIAM J. PRINGLE, and EDWIN TERWILLIGER, JR., for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Gwynne M. Temby, plaintiff in error, commenced a suit in assumpsit in the circuit court of Cook county against the William Brunt Pottery Company, defendant in error, a corporation engaged in the manufacture of pottery at East Liverpool, Ohio, and the summons was returned by the sheriff with an endorsement thereon of service on said company "by delivering a copy thereof to Courtland A. Saunders, agent of said corporation, this 29th day of August, 1903, the president of said corporation not found in my county." Saunders was not an agent of the pottery company. He took orders for goods for it in Indian Territory, Oklahoma, Texas and Kansas, for which he received commissions. He had no authority to fix prices, collect accounts or transact any other business for the company, and at the time of the alleged service was in Chicago during his vacation, on a pleasure trip, at the invitation of Temby. When the deputy sheriff offered him a copy of the summons he refused to receive it and told the officer that he had nothing to do with the William Brunt Pottery Company. A week afterward he went back to Kansas and never notified the company of the suit. The company had no knowledge of the suit from any other source, and was defaulted and judgment was entered against it on September 29, 1903, for $1859.75 and costs. An execution was issued, and no property being found, it was returned accordingly. A proceeding in garnishment was begun against various persons and corporations for the purpose of collecting the judgment. The company then learned of the existence of the judgment and filed its bill in the superior court of Cook county to enjoin the prosecution of the garnishment suit and the collection of the judgment, on the grounds that Saunders was

not the agent of the company, and that it was not indebted to Temby in any manner or to any amount, at the time of the judgment or afterward. Temby and the sheriff were made defendants and answered the bill, denying the averments that Saunders was not an agent of the company and that it was not indebted to Temby. There was a hearing, at which the superior court entered an interlocutory decree finding that the return of the summons was false; that Saunders was not an agent of the company and that it had no knowledge of the pendency of the suit, and referring the cause to a master in chancery to take proof whether there was anything due Temby and to report his conclusions. The master reported that there was nothing due, and the cause was then heard on exceptions to the master's report, which were overruled and a decree was entered in accordance with the prayer of the bill. Temby sued out a writ of error from the Appellate Court for the First District, and the decree was affirmed by the branch of that court. Temby then sued out a writ of error from this court to review the judgment of the Appellate Court.

At the hearing before the master the defendant Temby objected to the admission in evidence of depositions taken on behalf of the complainant on the grounds that they contained no evidence that the witnesses were examined under oath, and that they were certified to by George E. Davidson as a commissioner purporting to act as a notary public of Columbiana county, Ohio, but the certificate was not under his notarial seal and he failed to return with the depositions a certificate of his official character as a notary public. The depositions were received in evidence and the court sustained the master in considering them. They were taken by virtue of a commission issued out of the superior court to George E. Davidson, who was described as a notary public and was thereby authorized to take and return them to the court. He derived his authority from the commission, and it is immaterial that he was also described as a

notary public.   It is not necessary that a commissioner should hold any office, and a commission may be directed to any competent and disinterested person.   The person to whom a commission to take depositions is issued need only be designated by his name or he may be designated by the office which he holds, and in either case he obtains his authority from the commission.   (*Brown* v. *Luehrs*, 79 Ill. 575.)   The addition of the description to the name of the commissioner did not add to or detract from his authority and no certificate was necessary.   (*Kendall* v. *Limberg*, 69 Ill. 355.)   The certificate showed that the witnesses were sworn and examined under oath, and the objections were properly overruled.

Temby was employed by the complainant under a written contract signed by the parties, which fixed the prices of certain packages or assortments of pottery and the commissions for the sales, and it contained these provisions: "Commissions paid on the first of each month for all orders shipped.   No commissions paid on orders not shipped or on uncollectible accounts.   All orders guaranteed genuine, and acceptance of orders at the discretion of the William Brunt Pottery Company."   The goods were to be sold in Oklahoma, Indian Territory, Kansas and Texas, and Temby operated under the contract, taking orders through himself and other agents, for about six months, when he was notified by the complainant that the relation was terminated. The grounds alleged were, that the complainant received complaints of misrepresentations to customers and unfair means to secure orders, and was not satisfied with the credit of many persons from whom orders were taken.   The complainant received orders that it did not accept or ship because dissatisfied with the credit of the parties ordering the goods, and some orders were repudiated by the persons giving the orders and some accounts were uncollectible. Temby was paid all that was due him for commissions on orders which were accepted and shipped and which proved

to be collectible. There is nothing tending to prove bad faith on the part of complainant, and if the true construction of the contract is that the acceptance of orders was to be at the discretion of complainant, there was nothing due Temby. We do not see how there can be any doubt that under the terms of the contract complainant was authorized to reject, in its discretion, any order, whether the credit of the party ordering would have satisfied some other person or not. Surely it was not the intention of the complainant in making the contract that it should pay commissions on orders not accepted or shipped, upon proof that some one else would have taken the risk and shipped the goods. There was no rule of law which would prevent Temby from making a contract leaving the acceptance of orders to the discretion of the complainant if he saw fit to do so, and the proper function of courts is to enforce contracts as made if they do not conflict with some rule of law. The contract fixes no standard, other than the discretion of the complainant, for acceptance of orders, from which a court or jury or any one else would be authorized to say that the complainant ought to have been satisfied with any order which it rejected.

In the case of *Goodrich* v. *VanNortwick*, 43 Ill. 445, it was held that the question whether a fanning mill suited VanNortwick did not depend upon the opinion or judgment of other persons, and that having reserved, by his contract, the right to return the mill if it did not suit him, he could not be prevented from exercising such right according to the contract. The same doctrine was held in *Kendall* v. *West*, 196 Ill. 221.

In the case of *Keeler* v. *Clifford*, 165 Ill. 544, Keeler was to pay $5000 for removing and leveling dirt, and payments of $1000 each were to be made when one-fourth, one-half and three-fourths of the work should be done by Clifford. Keeler refused to make payment as provided by the contract, and it was held that the contract was sever-

able; that a failure to make the payments justified Clifford in abandoning the contract, and that he was entitled to recover for the work done *pro tanto* at the contract price. When the whole work should be completed Keeler was to pay the unpaid portion of the $5000, and all of the grading was to be done to his satisfaction. There is nothing to indicate that Keeler expressed any dissatisfaction as the work progressed, and the court said that in the nature of things it would rarely happen that a contract abandoned or uncompleted by one party would be fulfilled to the satisfaction of the other party.

In the case of *Union League Club* v. *Blymyer Ice Machine Co.* 204 Ill. 117, there was no provision that the club was to have the option not to accept and pay for the refrigerating machine unless it suited the club, and the case was distinguished from *Goodrich* v. *VanNortwick, supra,* and *Low* v. *Pardee,* 48 Ill. 466, on that ground. The court said (p. 125): "On the contrary, the club was to pay for the machine if it fulfilled the guaranties, and if for any cause other than the non-fulfillment of the guaranties the machine was unsatisfactory, the club had a certain option. The very fact that there was to be some other cause than the non-fulfillment of the guaranties shows that the club did not have an arbitrary option to reject the machine. * * * It was the duty of the club to show what the cause was which was claimed by it to establish the unsatisfactory character of the machine." It was then said that there are authorities holding certain doctrines relating to cases where one party agrees to do a thing to the satisfaction of another, but the decision then proceeded upon the admission that the club had an option to be exercised according to its own judgment, and the decision was against the club on the ground that it kept and used the machine for so long that it was bound to pay for it. The final conclusion was that the correct interpretation of the contract did not give to the club an option to reject the machine if not suited with it.

This is not a case where material has been furnished or work done under an executed contract, the benefits of which have been received and retained by a party refusing to make payment.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*