## HOLTZ ET AL. *v.* GAIDRY.

[No. 6,584.  Filed April 1, 1909.  Rehearing denied June 8, 1909. Transfer denied February 24, 1910.]

1. CONTRACTS.—*Sales.—Acceptance.—Fraud.*—A contract requiring the vendor to furnish to the purchaser machinery of a certain kind "to the acceptance of" such purchaser, ordinarily makes the decision of such purchaser final, except in case of fraud.  p. 416.
2. APPEAL.—*Parties.*—Where the record is uncertain and the verdict and judgment were against one defendant alone, another defendant who was made a party to the case at his own request, will not be considered as a party to the appeal.  p. 418.
3. APPEAL.—*Affirmance.—Death of Party.*—Where an appellant dies before the judgment appealed from is affirmed, it will be affirmed as of the date of submission.  p. 419.

From Warrick Circuit Court; *Roscoe Kiper*, Judge.

Action by J. Wilfred Gaidry against Ferdinand Holtz and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*DeWitt Q. Chappell* and *Henry F. Fulling,* for appellants.

*J. E. Williamson* and *Hatfields & Hemenway,* for appellee.

ROBY, J.—Action by appellee against appellant Holtz to recover money under a contract as follows:

"Whereas, C. F. Breidenbach has sold and promised to deliver on a hull of a steamboat to be built for J. Wilfred Gaidry, when said hull is ready to receive the same, the following engines and machinery, to wit: * *. * The contract price for the machinery and boiler is $1,050, which sum of money, to wit, $1,050, has this day been deposited with F. Holtz, doing business as the Mechanics Foundry, in the city of Evansville, by J. Wilfred Gaidry. Now it is agreed that when the machinery, boiler, etc., have been delivered in the condition as herein set out and to the acceptance of said Gaidry, then said sum of money is to become and be the absolute property of said F. Holtz, and until said Gaidry shall have received and accepted said machinery and boiler said sum of $1,050 is to be and remain the property of said Gaidry, and is to be returned to him, on demand, by said F. Holtz.

C. F. Breidenbach,
F. Holtz, Mechanics Foundry,
By Charles H. Thuman, Superintendent.
Dated at Evansville, Indiana, August 28, 1902."

Gaidry refused to accept the machinery because of defective cylinders, which the United States government inspector would not permit to be used, and demanded the return of the money from Holtz.

The provision in the contract "to the acceptance of said Gaidry" constituted Gaidry the judge of his own satisfaction. His refusal to accept terminated the contract, and until he "received and accepted," the money in Holtz's hands was Gaidry's money. *Gray* v. *Central*

*R. Co., etc.* (1877), 11 Hun 70; note to *Church* v. *Shanklin* (1892), 17 L. R. A. 207; *McClure* v. *Briggs* (1886), 58 Vt. 82, 2 Atl. 583, 56 Am. Rep. 557; *Goodrich* v. *Van Nortwick* (1867), 43 Ill. 445; *Zaleski* v. *Clark* (1876), 44 Conn. 218; *Brown* v. *Foster* (1873), 113 Mass. 136, 18 Am. Rep. 463. Such a contract may be unwise, but if a party deliberately enters into such an agreement he must abide by it. *Mc-Carren* v. *McNulty* (1856), 7 Gray 139; *Heron* v. *Davis* (1859), 3 Bosw. 336; *Walter A. Wood, etc., Mach. Co.* v. *Smith* (1883), 50 Mich. 565, 15 N. W. 906, 45 Am. Rep. 57; *Gray* v. *Central R. Co., etc., supra.* In the case of *McCarren* v. *McNulty, supra,* it was said: "It may be that the plaintiff was injudicious or indiscreet in undertaking to labor and furnish materials for a compensation the payment of which was made dependent upon a contingency so hazardous or doubtful as the approval or satisfaction of a party particularly in interest. But of that he was the sole judge. Against the consequences resulting from his own bargain, the law can afford him no relief. Having voluntarily assumed the obligations and the risk of the contract, his legal rights are to be ascertained and determined solely according to its provision." The rule prevails, unless the declaration of the prospective buyer, that he is not satisfied, is made in bad faith or fraudulently. *Lynn* v. *Baltimore, etc., R. Co.* (1883), 60 Md. 404; *Silsby Mfg. Co.* v. *Town of Chico* (1885), 24 Fed. 893; note to *Chism* v. *Schipper* (1889), 28 Cent. L. J. 160. Bad faith or fraud was not shown, and judgment was properly rendered against Holtz for the amount of the money deposited with him and interest thereon. The pleadings in this case are voluminous and involved. The record, exclusive of the bill of exceptions containing the evidence, contains 310 typewritten pages. The venue was several times changed, and the case was in turn before the Superior Court of Vanderburgh County, the Gibson Circuit Court, the Knox Circuit Court and the Warrick Circuit

Court. The litigation has extended over a period of more than six years. Forty errors are alleged to have been committed by the trial courts. The condition of the record precludes extended consideration of a multitude of unimportant questions which are mooted.

When the action was first instituted by Gaidry against Holtz for the recovery of the sum of money named, C. F. Breidenbach became a party defendant on his own

2.  motion, and Gaidry added a paragraph of complaint asking for damages against Breidenbach, who filed a counterclaim. Plaintiff filed an answer and Breidenbach replied. Holtz filed an answer, trial was had by jury, and a verdict was returned for the defendants, with answers to interrogatories. Motion for a new trial was sustained. On motion of the plaintiff the answers of Breidenbach were stricken out. Holtz and Breidenbach again pleaded, and the plaintiff filed an amended complaint. Holtz answered in general denial. Breidenbach then filed a counterclaim against plaintiff and a cross-complaint against Holtz. On motion of the plaintiff this counterclaim was ordered docketed as a separate cause. Later, after an unsuccessful attempt by Holtz and Breidenbach to reform the contract by cross-complaints to correct a mistake, motions of the plaintiff were sustained to strike out the pleadings of Breidenbach and to strike his name from the record. The record shows that subsequent to this time an answer to the cross-complaint of defendant Holtz was filed by Breidenbach. Some of the pleadings are entitled "Gaidry v. Holtz" and some are entitled "Gaidry v. Holtz and Breidenbach," but the judgment appealed from, rendered upon the verdict of the jury after it was instructed by the court, was rendered against Holtz alone. From the uncertain and inaccurate record we have determined that Breidenbach is not a party to this appeal. Numerous other pleadings were filed during the course of the trials, which are not necessary to be detailed.

Counsel have suggested the death of Ferdinand Holtz since

the submission of this cause, and pray that judgment
3. be rendered as of the time of the submission of the
cause, without change of parties.

The judgment is affirmed as of the date of submission.