## Isadore Krompier, Plaintiff in Error, v. Herman Spivek, Defendant in Error.

### Gen. No. 16,713.

CONTRACTS—*effeot of agreement to perform satisfactory service.* An employment contract by which an employe agrees to render services "satisfactory" to his employer may be terminated by the employer if the services rendered are not satisfactory to him and such employer is the sole judge as to whether the services are satisfactory.

Error to the Municipal Court of Chicago; the HON. CHARLES N. GOOD-NOW, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1911.   Affirmed.   Opinion filed April 19, 1912.

BROWN & NAVIGATO, for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; WALTER BACHRACH and OSCAR BLUMENTHAL, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

This suit is based upon the claim of the plaintiff for a week's wages alleged to be due him under the terms of a written agreement. By the contract, the plaintiff entered into the employment of the defendant for one year as a designer of ladies' dresses and capes, at a compensation of $45 per week, $5 of which was to be kept out each week as security for the faithful performance of the contract. The third paragraph of the contract reads as follows:

"Third. Said second party hereof (I. Krompier) agrees to observe and comply with the rules and regulations of such first party (Herman Spivek) in and about his said business and to carry out and to perform the orders and directions of said first party, as they may from time to time be given and to perform his services in and about his said employment in a manner satisfactory to said first party."

The plaintiff was discharged by the defendant a few weeks after entering the employment under the written contract. The court directed a verdict for the defendant.

The only question in the case is one of law, as to the legal effect to be given to the final clause of the third paragraph of the contract as above set forth. Did the agreement on the part of the plaintiff to "perform his services in and about his said employment in a manner satisfactory to said first party," place it

entirely within the power of Spivek to annul the contract whenever he chose? The test seems to be whether the question is merely one of operative fitness, in the case of a person's services, or mechanical utility, in the case of articles to be furnished; or whether it is a question to be determined by the fancy, taste, sensibility or judgment of the employer or purchaser. 9 Cyc. 618.

We think the case is fully determined by decisions of the Supreme Court of this state. In Kendall v. West, 196 Ill. 221, the court had before it a contract between a theatrical manager and an actor, or a specialist in monologue, as he was called. The contract provided that the plaintiff should render "satisfactory service," for which he was to receive the sum of $250 per week. In disposing of the case the court said:

"The appellant (plaintiff) did not undertake to render services which should satisfy a court or jury, but undertook to satisfy the taste, interest, fancy, and judgment of appellee (defendant). It was the appellee who was to be satisfied, and if dissatisfied, he had the right to discharge the appellant at any time for any reason, of which he was the sole judge."

The court then proceeds to cite with approval Goodrich v. Van Nortwick, 43 Ill. 445. The decisions referred to have been approved in Union League Club v. Ice Machine Co., 204 Ill. 117, and Temby v. Brunt Potter Co., 229 Ill. 540. The plaintiff in error cites to us no case in this state holding the contrary doctrine. The cases mentioned in the brief are from other jurisdictions. We have examined these cases and find that in the contracts under consideration language was used which tended to indicate, and the courts held did indicate, that it was not the intention of the parties that the employer should have the absolute right to terminate the contract when for any reason he was dis-

satisfied with the character of the services which were being rendered.

It seems from the record that Krompier, before entering into the written contract, had worked some three weeks for Spivek. It is insisted upon by him that this fact, and the forfeiture clause of $5.00 per week contained in the contract, operate to take the case out of the usual rule. We cannot agree with him in that regard. The work of the plaintiff in error may have been satisfactory to the defendant in error during the three weeks' period, and this fact may have induced the defendant in error to enter into the contract. The latter took the precaution, however, to insert in the written contract that the work should continue to be satisfactory to him, and the plaintiff in error is concluded in that respect.

The trial court, having come to this conclusion with regard to the law governing the case, properly excluded the testimony offered by the plaintiff in error tending to show that the discharge of the plaintiff in error was for some other reason than that his work was not satisfactory to the defendant in error.

For the reasons stated, the judgment is affirmed.

*Affirmed.*