[Civ. No. 1106. Third Appellate District.—October 3, 1913.]

JAY HENRY, Appellant, v. W. H. CASWELL et al., as Caswell & Company, Respondents.

DEPOSITION—ISSUANCE OF COMMISSION TO NOTARY AS PERSON AGREED UPON BY PARTIES.—Where the parties to an action in this state stipulate that the deposition of a person ''be taken before E. C. Ferguson, a notary public in and for the city of Chicago,'' the court may construe the term ''notary public'' as words of description, and, under section 2024. of the Code of Civil Procedure, issue the commission to him as the person agreed upon by the parties rather than to him in his official capacity.

ID.—SEAL OF NOTARY—WHETHER NECESSARY.—Where a commission is thus issued to a notary as an unofficial person to take the deposition of a witness out of the state, pursuant to the stipulation of the

parties, it is not necessary for the notary, in order for the deposition to be admissible in evidence, to attach his seal to his certificate.

APPEAL from a judgment of nonsuit of the Superior Court of Sacramento County.   C. N. Post, Judge.

. The facts are stated in the opinion of the court.

Jay Henry, for Appellant.

Chas. M. Beckwith, for Respondents.

CHIPMAN, P. J.—This is an appeal, within sixty days, from a judgment of nonsuit, on statement of the case, in favor of defendants dismissing the action, "upon the grounds," as recited in the judgment, "that the plaintiff had failed to prove a sufficient case, inasmuch as the evidence introduced was in the form of depositions and that said depositions were and are incompetent."

The only objection made to the admissibility of the depositions was that a notary's seal was not attached to the certificate of the commissioner.   The depositions were taken under the following commission, appointing E. C. Ferguson, of Chicago, Illinois, to perform that office:

"COMMISSION TO TAKE DEPOSITIONS.

"Title of Court and Cause.

"The People of the State of California, to E. C. Ferguson, 1450 Otis Building, Chicago, Illinois:

"Know you, that, trusting in your fidelity and circumspection we have appointed you Special Commissioner, and do hereby authorize you to administer the necessary oaths, and to take the depositions of Charles S. Hayes and Thomas F. Hanks, residing at 1508–1512 Tribune Building, City of Chicago, County of Cook, State of Illinois, in answer to the interrogatories, direct and cross, annexed hereto, in the matter of the above entitled cause.

"All of which matter, together with this writ, you will return to this Court, acording to law, in a sealed envelope, directed to the clerk of said Court, at the City of Sacramento,

County of Sacramento, State of California, and forward the same, by mail or express, or other usual channel of conveyance.

"Witness the Honorable C. N. Post, Judge of Department 3 of said Court, and the seal thereof, at the City of Sacramento, County of Sacramento, State of California, this 29th day of October, 1912.

"(Seal)                                E. F. PFUND, Clerk.

"H. W. HALL, Deputy."

This commission was issued pursuant to an order of the judge of said court "that a commission issue out of and under the seal of this court, directed to E. C. Ferguson, 1450 Otis building, a person agreed upon by and between the parties, residing at the city of Chicago, Cook County, state of Illinois, to take the testimony of Charles S. Hayes and Thomas F. Hanks, residing at the same place, as witnesses on behalf of the plaintiff," etc. A stipulation was entered into by the parties that the depositions of the persons above named "be taken before E. C. Ferguson, 1450 Otis building, a notary public, in and for the city of Chicago, county of Cook, state of Illinois. . . . The annexed are interrogatories proposed by the plaintiff on which such depositions are to be taken."

The depositions were subsequently duly taken and returned under a full and formal certificate showing what was done by the special commissioner. The certificate is signed "Elbert C. Ferguson, Special Commissioner."

It is quite apparent that the construction given the stipulation by the judge who made the order and issued the commission was that it was not to issue to Ferguson in his official capacity but to him as the person agreed upon by the parties. The order reads: "Upon reading and filing the stipulation of the parties to the above-entitled action, and upon the files, papers and records in this action, on motion of Jay Henry, attorney for plaintiff, it is ordered," etc. The judge was justified in construing the terms "a notary public in and for the city of Chicago, county of Cook" as words of description.

That there was authority for such appointment is expressly provided by section 2024 of the Code of Civil Procedure, and it was so held in *Alcorn* v. *Gieseke,* 158 Cal. 396, [111 Pac. 98].

In the case of *Tomby* v. *Brunt Pottery Co.,* 229 Ill. 540, [82 N. E. 336], the commission was issued to George E. David-

son in Ohio, a notary public. The depositions were returned signed by him as commissioner. The court said: ''He derived his authority from the commission, and it is immaterial that he was also described as a notary public. It is not necessary that a commissioner hold any office, and a commission may be directed to any competent disinterested person. The person to whom a commission to take depositions is issued need only be designated by the office which he holds, and in either case he obtains his authority from the commission. (*Brown* v. *Luehrs,* 79 Ill. 575.) The addition of the description to the name of the commissioner did not add to or detract from his authority and no certificate was necessary. (*Kendall* v. *Limberg,* 69 Ill. 355.) The certificate showed that the witnesses were sworn and examined under oath, and the objections were properly overruled.''

In the present case, had the commission issued to Ferguson as notary and in his official capacity, he should have taken the deposition and certified it as notary. (Code Civ. Proc., sec. 2024.) But as the commission issued to him as an unofficial person, his seal as notary would have added nothing to the genuineness of his certificate or its authenticity. The objection to the depositions was without merit and they should have been admitted as evidence in the case. It was error to grant the nonsuit.

The judgment is reversed.

Hart, J., and Burnett, J., concurred.