EZRA KENDALL

v.

WILLIAM H. WEST.

*Opinion filed April 16, 1902.*

1. TRIAL—*duty of court to instruct jury where the facts are admitted.* In an action by a theatrical performer against the manager of the company for terminating the contract of employment, if the facts are admitted it is the duty of the court to instruct the jury whether or not such facts, in law, amount to a legal justification of the plaintiff's discharge.

2. CONTRACTS—*contract to render "satisfactory services" means satisfactory to the employer.* If a theatrical performer contracts with the manager of a company to render "satisfactory services," the manager, if dissatisfied, may discharge the performer for any reason which he may deem sufficient, where there is no provision in the contract in any manner limiting the manager in the exercise of his judgment as to what shall be deemed "satisfactory services."

*Kendall* v. *West*, 98 Ill. App. 116, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. HILSCHER, Judge, presiding.

PURNELL & TERWILLIGER, for appellant:

On a contract by a corporation to purchase certain goods subject to inspection and approval by its agent, the corporation is liable if the agent fraudulently disapproves of the goods. *Lynn* v. *Railroad Co.* 60 Md. 404.

A party is bound to be satisfied where he has no ground to be dissatisfied. He is bound to act honestly and test the property fairly, with such fair trial as the seller has a right, under the circumstances, to expect he would give, and herein to exercise such judgment and capacity as he has, when by the contract he is the one to be satisfied and not another for him. If he does this and is still dissatisfied, and that dissatisfaction is real and not feigned, it is enough. *McClure* v. *Briggs*, 58 Vt. 82; *Hartford S. Manf. Co.* v. *Brush*, 43 id. 528; *Daggett* v. *Johnson*, 49 id. 345.

An unfounded dissatisfaction is no defense. *Duplex Boiler Co.* v. *Garden,* 101 N. Y. 387; *Brooklyn* v. *Railroad Co.* 47 id. 475; *Foillard* v. *Wallace,* 2 Johns. 395.

A just claim, under a contract for services which provides that the work shall be done to the entire satisfaction of the other party, cannot be defeated by the latter by arbitrarily and unreasonably saying he is not satisfied. *Dall* v. *Noble,* 116 N. Y. 230.

If the work was performed by the plaintiff in accordance with the other provisions of the contract, in his best and skillful-like manner, the defendant could not refuse to pay by unreasonably and in bad faith saying the work was not done to his satisfaction. *Smith* v. *Alker,* 102 N. Y. 87; *Bank* v. *New York,* 63 id. 336; *Nolan* v. *Whitney,* 88 id. 648; *Woodward* v. *Fuller,* 80 id. 312; *Phillip* v. *Gallant,* 62 id. 256; *Johnson* v. *DePeyster,* 50 id. 666; *Thomas* v. *Fleury,* 26 id. 26; *Smith* v. *Brady,* 17 id. 189; *Wyckoff* v. *Meyers,* 44 id. 145; *United States* v. *Robeson,* 34 U. S. 328; *Smith* v. *Wright,* 4 Hun, 652; *Whitman* v. *New York,* 21 id. 121.

Wherever a contract involves considerations of the operative's fitness, or any considerations which are not strictly personal in their nature but are capable of being understood and appreciated by others, then, and in all such cases, the promisor undertakes that he will act reasonably and fairly, and found his determination on grounds that are just, reasonable and sensible. In this class of cases his decision in point of correctness is subject to review by judicial triers. *Duplex Boiler Co.* v. *Garden,* 101 N.Y. 387; *Foillard* v. *Wallace,* 2 Johns. 395; *Machine Co.* v. *Smith,* 50 Mich. 565; *Brooklyn* v. *Railroad Co.* 47 N.Y. 475; *Burns* v. *Munger,* 45 Hun, 75; *Grimell* v. *Kiralfy,* 55 id. 422; *Dall* v. *Noble,* 116 N.Y. 230; *Wender* v. *Klow,* 42 id. 675; *Hydecker* v. *Williams,* 45 id. 637.

In all cases the dissatisfaction must be real and not pretended, and must be honestly entertained, in good faith. *Exhaust V. Co.* v. *Railway Co.* 66 Wis. 218; *Hartford S. Manf. Co.* v. *Brush,* 43 Vt. 528.

BULKLEY, GRAY & MORE, for appellee:

The contract of employment, for the alleged breach of which appellant brought his suit, obligated appellant to render to appellee satisfactory services. Therefore, if the services rendered were not satisfactory, appellee had the right to dispense with them without further liability for the unexecuted portion thereof. *Tyler* v. *Ames*, 6 Lans. 280; *Wood Machine Co.* v. *Smith*, 15 N. W. Rep. 906; *Koehler* v. *Buhl*, 54 id. 157; *Frary* v. *Rubber Co.* 53 id. 1156; *Teichnor* v. *Pope Manf. Co.* 83 id. 1031; *Crawford* v. *Publishing Co.* 57 N. E. Rep. 616; *Goodrich* v. *VanNortwick*, 43 Ill. 445; *Campbell Printing Press Co.* v. *Thorp*, 36 Fed. Rep. 414; *Alexis Stoneware Co.* v. *Young*, 59 Ill. App. 226; *McClure* v. *Briggs*, 58 Vt. 82.

As a matter of law, the record in this case establishes justification on the part of appellee for the discharge of appellant. Wood on Master and Servant, sec. 119, and cases cited; *Peniston* v. *Huber*, 46 Atl. Rep. 934; *Leatherberry* v. *Odell*, 7 Fed. Rep. 646.

Appellant having, after his discharge, earned and been paid by other like employment a greater sum than he would have received had he remained in the employ of appellee, under his contract, to the end of the term, has no cause of action under the first count of the declaration, which claims damages for a wrongful discharge. *Trustees* v. *Shaffer*, 63 Ill. 243; *Moline Plow Co.* v. *Booth*, 17 Ill. App. 574; *Mt. Hope Cemetery Ass.* v. *Weidenmann*, 139 Ill. 67; *St. Bernard* v. *Rieg*, 13 Ohio Cir. Ct. 540.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action of assumpsit brought in the circuit court of Cook county by the appellant, against the appellee, to recover damages in the sum of $10,000 for the breach of a contract in writing, whereby the appellee, a theatrical manager, engaged the appellant, a specialist in monologue, to perform for appellee at such places and theaters in the United States and Canada as appellee

might require, for the theatrical season of 1898 and 1899, the season to begin on or about August 15, 1898, and continue for not less than thirty weeks. Appellant agreed to "render satisfactory services," and appellee agreed to pay for "satisfactory services" the sum of $250 per week. Appellant entered upon his engagement on August 15, and continued until November 5, 1898, when the contract was terminated by appellee. Appellant was paid for his services in full, up to and including November 5. The case was tried by the court and a jury. At the close of all the evidence the court peremptorily instructed the jury to find for the defendant, and a motion for a new trial having been overruled and judgment rendered on the verdict, the appellant perfected an appeal to the Appellate Court for the First District, where the judgment of the circuit court was affirmed, and a further appeal has been prosecuted to this court.

The question presented for decision is, did the circuit court err in taking the case from the jury? There was no conflict in the evidence, and the facts being admitted, it was the duty of the court to direct the jury as to whether or not such facts, in law, amounted to a legal justification for the discharge of the appellant. The company managed by appellee was a minstrel company. The appellant was requested by appellee a number of times to shorten the time of his performance and to try his part in black face, with both of which requests he positively declined to comply. Wood, in his work on Master and Servant, (sec. 119,) says: "Refusing to obey the reasonable orders of the master is a good ground for discharge from service, for in every contract of hiring there is an implied contract on the part of the servant that he will obey the lawful and reasonable commands of his master." The appellee was the proprietor of the company and had the right to direct its management, and if appellant refused to comply with his reasonable request the appellee had the right to discharge him. We do not

think the court erred in holding, as a matter of law, that the request made of appellant to shorten the time of his performance and to try his part in black face, under the circumstances shown by the undisputed testimony, was not unreasonable, arbitrary or capricious, and that he was bound to comply therewith, and upon a refusal so to do that the appellee had the right to discharge him and terminate the contract. The contract of employment provided that appellant should render "satisfactory services," for which he was to receive the sum of $250 per week. It contained no provision in any manner limiting the appellee in the exercise of his judgment as to what should be deemed "satisfactory services." The appellant did not undertake to render services which should satisfy a court or jury, but undertook to satisfy the taste, fancy, interest and judgment of appellee. It was the appellee who was to be satisfied, and if dissatisfied he had the right to discharge the appellant at any time for any reason, of which he was the sole judge. (*Goodrich* v. *VanNortwick*, 43 Ill. 445; *Crawford* v. *Mail and Express Publishing Co.* 57 N. E. Rep. 616.) In the *Goodrich* case the plaintiff purchased and paid for a fanning mill, with the agreement that if it did not suit him and answer his purpose he might return it within thirty days. It was held that the mill must answer both requirements, and if it did not suit the purchaser he had the right to return it and recover back the purchase price, and that he was the sole judge of whether or not he was suited. In the *Crawford* case the plaintiff made a contract to write for the defendant's newspaper for two years, provided his services should be satisfactory to the publisher, and it was held that the defendant had the right to discharge the plaintiff at any time if his services were unsatisfactory, of which fact the defendant was the sole judge.

We find no reversible error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*