### Reeves & Company v. Charles H. Chandler.

1. CONTRACT—*how, construed.* In construing a contract the court will look to the entire instrument and, if possible, give such construction that each clause shall have some effect and perform some office, and for that purpose the court will, so far as practicable, view the contract from the position of the parties at the time it was made in order to understand their language in the sense in which it was used.

2. "SATISFACTORY "—*construed.* In this case a contract was made for the purchase of a threshing outfit which gave to the purchaser the right to reject the same if, upon examination, it was not "satisfactory;" held, that such purchaser had the absolute right to reject such outfit and that his reasons for so doing could not be investigated. (See reporters' note.)

Action of assumpsit. Error to the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

SCHNEIDER & SCHNEIDER, CLOUD & MOFFETT, and MATHER & SNIGG, for plaintiff in error.

A. L. PHILLIPS, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by plaintiff in error, a corporation engaged in the business of manufacturing and selling threshing machines, against defendant in error upon a written contract or order for the purchase from it of a threshing outfit. Upon a trial in the Circuit Court the jury returned a verdict for the defendant and judgment was rendered thereon. The plaintiff thereupon sued out this writ of error.

The contract upon which the suit is based, is in form an order addressed to plaintiff in error, signed by defendant in error, by which he requests the shipment to him at Kempton, Illinois, on or about April 1, 1901, the threshing outfit therein specified and described, in payment for which the defendant in error agreed to pay the sum of $2,350. The order, which was upon a printed form or blank used by the plaintiff in error, contained the following clause in writing: " Purchaser have privilege of coming to Springfield any time before March 1, 1901, to look at machinery and if not found as Tobin represents, he may cancel order, Reeves & Co. to pay railroad fare and satisfactory." The Tobin referred to was the agent of plaintiff in error who procured the order from defendant in error. On February 23, 1901, defendant in error went to Springfield and in company with Tobin and one Richards, a shipping clerk of plaintiff in error, inspected the outfit which it was proposed to furnish in accordance with the order. The engine was put under steam and the machinery operated. Tobin and Richards both testified upon the trial that after a thorough examination of the outfit, defendant in error stated that it was what Tobin had represented it to be, and that he was perfectly satisfied. Miss Riley, a stenographer in the employ of plaintiff in error, who was also present, testified that she

heard defendant in error say to Tobin that the machine was as represented and that he was well pleased with it. Defendant in error testified that he at no time told Tobin that he was satisfied with the machine. On February 26, after his return home, defendant in error telegraphed to plaintiff in error canceling the order. After some correspondence between the parties, the outfit was shipped to Kempton, and, on April 4, tendered to defendant in error, but he refused to accept the same, whereupon the outfit was stored by plaintiff in error, and the suit at bar commenced.

The trial court construed the clause of the order, above quoted, to mean that defendant had a right to inspect the outfit at any time before March 1, and that if he found that it was not as represented by Tobin or if it was not satisfactory to him, he could, at his option, cancel the order. Plaintiff in error contends that the court improperly and incorrectly construed the clause in question; that " the evident intention thereof was not that defendant in error was to be satisfied with the machinery, but that both parties were to be satisfied in case the machinery was as represented, and Reeves & Co. paid the railroad fare." In construing a contract the court will look to the entire instrument, and, if possible, give such construction that each clause shall have some effect and perform some office, and for this purpose will so far as practicable view the contract from the position of the parties at the time it was made, in order to understand their language in the sense in which it was used; such construction will be adopted, if it can consistently and reasonably be done, as will render the whole contract operative. Hayes v. O'Brien, 149 Ill. 403; Ryan v. Hamilton, 205 Ill. 205. We are of opinion that the construction placed upon the clause by the court was the true and proper one. We can conceive of no other reasonable and consistent construction of the words "and satisfactory," when used in connection with the remainder of the clause. The construction contended for by counsel for plaintiff in error, would, we think, be absurd, if not meaningless.

The second instruction given at the request of defendant in error told the jury that when a person buys an article upon condition that the same is to be satisfactory to him, he is not bound to receive it unless it is in every way satisfactory to him, and that his satisfaction is a matter which rests with his own tastes and fancies. The giving of this instruction is assigned as error. It is contended by counsel for plaintiff in error that when a contract is required to be executed to the satisfaction of one of the parties, the meaning necessarily is that it must be executed in a manner satisfactory to the mind of a reasonable man. In Wood Machine Co. v. Smith, 50 Mich. 565, which was an action to recover on a contract for the purchase of an agricultural machine in which it was agreed that the machine was to be satisfactory to the purchaser, it was held that the purchaser had reserved the absolute right to reject the machine and that his reasons for doing so could not be investigated. In its opinion the court says:

"The cases where the parties provide that the promisor is to be satisfied, or to that effect, are of two classes; and whether the particular case at any time falls within the one or the other must depend on the special circumstances, and the question must be one of construction. In the one class, the right of decision is completely reserved to the promisor, and without being liable to disclose reasons or account for his course; and a right to inquire into the grounds of his action and overhaul his determination, is absolutely excluded from the promisee and from all tribunals. The law regards the parties as competent to contract in that manner, and if the facts are sufficient to show that they did so, their stipulation is the law of the case. The cases of this class are generally such as involve the feelings, taste or sensibility of the promisor, and not those gross considerations of operative fitness or mechanical utility which are capable of being seen and appreciated by others.

"But this is not always so. It sometimes happens that the right is fully reserved where it is the chief ground, if

Reeves & Co. v. Chandler.

not the only one, that the party is determined to reserve an unqualified option, and is not willing to leave his freedom of choice exposed to any contention or subject to any contingency. He will not enter into any bargain except upon the condition of reserving the power to do what others might regard as unreasonable. In the other class, the promisor is supposed to undertake that he will act reasonably and fairly, and found his determination on grounds which are just and sensible, and from thence springs a necessary implication that his decision in point of correctness and the adequacy of the grounds of it are open considerations and subject to the judgment of judicial triers." See also Union League Club v. Ice Machine Co., 204 Ill. 117, in which the foregoing case is cited with approval.

We are of opinion that the case at bar falls within the class first above mentioned. It is apparent from the grammatical construction and arrangement of the clause in question that the words " and satisfactory " were added thereto after the preceding portion was written and as a concession to defendant in error. It may be reasonably inferred that he was determined that no opportunity should be given plaintiff in error to force the outfit upon him if he finally concluded not to take it. The words referred to were undoubtedly added to the clause at his request or suggestion and for the purpose of inducing him to sign the order. The fact, as shown by the record, that in the duplicate copy of the order returned by Tobin to the principal office of plaintiff in error, the words " and satisfactory " are omitted from the clause, tends strongly to confirm this view. Had it been the intention of defendant in error that he should be compelled to accept the outfit if its construction, operation and appearance were such as, in the opinion of the jury, would have been satisfactory to the mind of a reasonable man, it would not have been necessary to have added the words in question. The clause as originally written would clearly have answered the purpose inasmuch as it is therein provided that if the outfit was not as represented by the agent, defendant in error might at his option cancel the

order, and it is to be presumed that superior qualities of the machine in every particular were thoroughly extolled by such agent. The case of Kesler v. Clifford, 165 Ill. 545, cited by counsel in support of their contention, is, we think, easily distinguished from the one at bar. The contract there under consideration was for grading and leveling the right of way of a railroad, in the performance of which, it is apparent, matters of taste, fancy or judgment, could in no way be involved, and the court there properly held that the law would say that what in reason ought to satisfy a contracting party, does satisfy him.

While the evidence upon the question as to whether or not defendant in error expressed himself as satisfied and accepted the machine after his inspection thereof, was close and conflicting, it was one to be determined by the jury, who were the sole judges of the credibility of the witnesses and the weight to be given to their testimony, and we cannot say that they were not justified in accepting the version of defendant in error as to what occurred with reference thereto, as true.

While we do not approve of the first instruction given at the request of the defendant, we do not think that the jury were so influenced or misled thereby to the prejudice of plaintiff in error, as to warrant a reversal of the judgment.

*Affirmed.*

REPORTERS' NOTE. The phrase "satisfactory services" was under consideration in the case of Kendall v. West, 196 Ill. 225, and the adjudication was in accord with the foregoing opinion. We call attention to this case in view of the fact that it appears not to have been brought to the notice of the learned judge who decided the above case and is, therefore, not cited in his opinion.