## International Harvester Company of America v. George Boatman.

1. EMPLOYEE—*when discharge of, proper.*  An employer is the sole judge as to whether its interests are neglected or jeopardized where the contract of employment provides that the employer may cancel the same when it " considers its interests are neglected or jeopardized," and a discharge predicated upon such provision is proper.

Action of assumpsit. Appeal from the Circuit Court of Edgar County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

WALTER R. HOWARD and ROBERT L. McKINLAY, for appellant; JAMES C. McMATH, of counsel.

DUNDAS & O'HAIR, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action of assumpsit by appellee against appel-

International Harvester Co. v. Boatman.

lant. The declaration consists of the common counts, and a special count averring that a contract was entered into between said parties on November 1, 1903, and ending on December 31, 1904, by which plaintiff was to act as sole agent for defendant at Paris, Illinois, and vicinity, to sell its machines and farm implements for a commission thereon at twenty-five per cent. of the selling price thereof; that plaintiff began at the time of the execution of said contract to advertise said property of defendant and devoted his entire time thereto and performed every thing required by said contract. It is also averred that after making said contract, that on February 4, 1904, without any reasonable cause the defendant canceled said contract and refused to permit plaintiff to continue in its employ. Defendant filed the plea of general issue with an agreement that any competent evidence under any plea well pleaded might be offered on the trial.

The facts in the case are substantially as follows: On November 27, 1903, the parties entered into a written contract to expire December 31, 1904, by which appellee was to sell as agent for appellant, agricultural implements and machinery at Paris, Illinois, and vicinity, and for his services as such agent to receive a commission on the amount of sales of machines and attachments. Appellee endeavored to sell the machines of appellant from the time of making said contract until its cancellation on the 5th day of February, 1904, but failed to make any sales. This suit was brought on the day the contract was canceled.

The contract contains the following provision in reference to cancellation:

"It is mutually agreed that said company shall at all times have exclusive and entire control over all machines and attachments and all orders, contracts, accounts, notes, moneys or other property accruing and growing out of sale of said machines, attachments, hay-rakes, hay-tenders, twine, repairs or other property, whether for this or previous years, and may at any time, when it considers its interests are neglected or jeopardized, without notice, annul and terminate this and all prior contracts, and take posses-

sion of all orders, notes, accounts, moneys, machines, attachments, hay-rakes, hay-tenders, twine and any other property in the possession or under the control of said agent by virtue thereof; and said agent hereby waives all right of action for damages because of such cancellation of contract and termination of agency."

Evidence was offered by appellee tending to show that such services as were rendered by him were worth $100 per month. The jury returned a verdict for the plaintiff, assessing his damages at $175. A new trial being denied, judgment was rendered upon the verdict for that amount, and costs. The errors relied upon for reversal are that the court erred in not taking the case from the jury; that the evidence fails to support the verdict and that the court erred in its rulings upon the evidence and instructions.

The various errors assigned involve the question as to whether, under the clause of the contract above quoted, appellant had the right to cancel the same at its pleasure without assigning or showing cause, merely because it was dissatisfied or considered its interests neglected or jeopardized, so long as it acted in good faith, as contended by appellant; or whether, as contended by appellee and held by the court in its instructions to the jury, the contract could only be abrogated for such reason as would lead a reasonably prudent man to become dissatisfied or to believe his interests were neglected or jeopardized.

In construing the clause referred to, we are inclined to the view insisted upon by appellant. We are of opinion that the words, "considers its interests are neglected or jeopardized," are analogous to the many contracts which have been considered and construed by various courts, where the cancellation of a contract depended upon the "satisfaction" of the employer. That the question whether appellant considers its interests are neglected or jeopardized is for the determination of the appellant alone, and it is not a question of what it ought to consider, or whether it had reasons for its consideration which would satisfy a court or jury. That if appellant was dissatisfied or considered its interests neglected or jeopardized, it had a right to dis-

charge appellee at any time for any reason, of which it was sole judge, so long as it acted in good faith in so doing. These views we believe to be supported by the following authorities:

In Tyler v. Ames, 6 Lansing (N. Y.), 280, which was a suit brought to recover damages for the termination of a contract appointing appellee agent for the term of one year, "if the appellee could fill the place satisfactorily," the court said: "The word 'satisfactorily' refers to the mental condition of the employer and not to the mental condition of a court or jury. The right of determining whether the appellee filled the place of agent satisfactorily must, from the nature and necessity of the case, belong to the person whose interests are directly affected by the plaintiff's action. To require the employer under such a contract to prove that the plaintiff did not fill the place satisfactorily, would be to require of him an impossibility, unless his own oath was taken as to his mental status on the subject. If he is required to prove facts and circumstances that will justify him in feeling dissatisfied with the manner appellee filled his office it would be annulling this clause of the contract, as without such a clause he would have the right to dismiss the plaintiff if he did not properly perform his duties."

Kendall v. West, 196 Ill. 221, was a case in which appellant was employed by appellee, a theatrical manager, and agreed to "render satisfactory services," for which he was to receive the sum of $250 per week. Appellee requested him to shorten the time of his performance and to try his part in black face, both of which appellant positively refused to do. Appellee discharged him and a suit was brought by appellant to recover damages. The court held: " The contract of employment provided that appellant should render 'satisfactory services', for which he was to receive the sum of $250 per week. It contained no provision in any manner limiting the appellee in the exercise of his judgment as to what should be deemed 'satisfactory services.' The appellant did not undertake to render services which should satisfy a court or jury, but undertook to

satisfy the taste, fancy, interest and judgment of appellee. It was the appellee who was to be satisfied, and if dissatisfied he had the right to discharge the appellant at any time, for any reason, of which he was the sole judge."

In the case of Reeves v. Chandler, 113 App. 167, where a contract was made for the purchase of a threshing outfit which gave to the purchaser the right to reject the same, if, upon examination, it was not "satisfactory," we held that the purchaser had the absolute right to reject such outfit and that his reasons for so doing could not be investigated.

The clause in question was undoubtedly incorporated in the contract for the protection of appellant. Without it appellant could only have terminated the employment for good cause shown. To give the clause force and effect it must be construed to mean that appellant thereby reserved an unqualified option to discharge appellee without being subjected or exposed to any contention. It is conceded that it was necessary that such option must have been exercised by appellant in good faith. In the absence of anything tending to show the contrary, it will be presumed that appellant acted in good faith. It was not incumbent upon it to show that it so acted or that probable cause existed for the cancellation of the contract. It does not appear that anything was due to the appellee for services rendered prior to the cancellation of the contract, or that any were performed thereafter. In the view we take of the law he was not entitled to recover damages by reason of being prevented from continuing in the employment of appellant.

The instructions given to the jury were in contravention of the law, as herein expressed, and the judgment must accordingly be reversed and the cause remanded.

*Reversed and remanded.*