Joseph Dvorak, Defendant in Error, v. Albert Prucha, Plaintiff in Error.

### Gen. No. 15,253.

CONTRACTS—*right of purchaser to return merchandise not satisfactory.* If a seller contracts to furnish an article satisfactory to the purchaser, conferring the right upon such purchaser to return the same within a specified time if not satisfactory, the absolute right to return the same within such time exists in the purchaser and he

Dvorak v. Prucha, 156 Ill. App. 514.

cannot be compelled to retain said article even though the same "would be satisfactory to an ordinarily prudent man."

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed July 14, 1910.

CHARLES VESELY and CHARLES FARSON, for plaintiff in error; LAWRENCE A. COHEN, of counsel.

NOVAK & POLLACK, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The claim of plaintiff set out in his statement of claim is for $325 for a wagon built for defendant, on which defendant gave plaintiff a wagon valued at $50, and $12.75 for blacksmith work. Defendant admitted the claim for $12.75 and filed a claim of set-off for $50 for the wagon delivered to plaintiff. Plaintiff had a verdict and judgment for $387.25, the full amount of his claim, and the defendant sued out this writ of error.

We shall consider only the question whether the judgment shall be reversed for error in the instructions, and state only so much of the evidence as is necessary to present that question.

In May, 1907, the parties entered into a verbal agreement, whereby plaintiff agreed to build for defendant a wagon for $325. Defendant testified that he asked plaintiff the price of the wagon and he said $325; that defendant said, "I give you that if you make me a No. 1 wagon," and defendant said, "I do that  *  *  *  and if I make a wagon that don't satisfy you, you don't have to pay me for a year, and if it don't satisfy you, you don't keep the wagon. I own the wagon and you don't have to pay for it.  *  *  *  I said I give you $325 if you satisfy me with a wagon. He said I do that. I put up a number one wagon for you. I have to satisfy you and if I don't satisfy you, I own the wagon then." On cross-examination he testified that in the same conversation plaintiff said, "If the wagon don't satisfy you,

you don't have to take it, you don't have to pay me for a whole year; if the wagon don't suit you, you don't have to take it. You can return it to me any time you want to if the wagon don't suit you." The testimony of the plaintiff was in conflict with the testimony of the defendant as to the terms of the agreement.

The court instructed the jury in part as follows:

"You are instructed, gentlemen of the jury, if you believe from all the evidence that the plaintiff in this case agreed with the defendant to build a wagon for the defendant to the satisfaction of the defendant, then if the jury believe from all the evidence in question that the wagon in question was built by the plaintiff in a manner such as would be satisfactory to an ordinarily prudent man, then the jury should find the issues for the plaintiff."

In Goodrich v. Van Nortwick, 43 Ill. 445, the contract was in relation to the sale and purchase of a fanning mill to clean wheat, and it was agreed that "if the mill suited appellee, and answered the purpose, he was to keep it; otherwise it was to be returned within thirty days from the time the purchase was made and the money was to be refunded." And it was there held that "the terms of the agreement were, that if it suited and answered the purpose. It is manifest that it was required to answer both requirements. If it did not suit appellee, then he had the right to return the property, and he was by the terms of the contract to be the sole judge of whether it suited him."

In this case, according to the testimony of the defendant, it was agreed that he was not to pay for the wagon for a year, and might at any time, within the year, if the wagon was not satisfactory to him or did not suit him, return it to the plaintiff. We are unable to perceive any substantial difference between the agreement in the Goodrich case and the agreement testified to by the defendant in this case. The testimony of the defendant tended to show that he did not accept the wagon and the wagon was in the possession of the plaintiff when the action was brought.

It is contended for defendant in error that under the

decisions in Keeler v. Clifford, 165 Ill. 544, and Union League Club v. Ice Machine Co., 204 id. 117, a wagon which would satisfy a reasonable man must satisfy the defendant. In Keeler v. Clifford plaintiff agreed to do certain grading on the land of the defendant, "to the satisfaction" of the defendant. The work done became attached to and inseparable from defendant's land and plaintiff could not be put in *statu quo*. In Union League Club v. Ice Machine Co. the court cite and quote from Goodrich v. Van Nortwick without intimating any intention to overrule or modify the decision in that case, but distinguish that case from the case under consideration on the facts.

On the authority of Goodrich v. Van Nortwick we hold that the giving of the instruction above quoted was error for which must be reversed and the cause remanded.

*Reversed and remanded.*