Nat Fields et al., Plaintiffs in Error, v. T. W. Dinkins, Defendant in Error.

### Gen. No. 14,739.

EMPLOYER AND EMPLOYE—*when discharge justified.* If an employer is given the right to terminate a contract of employment if the services of the employe are not rendered to his satisfaction, he is the sole judge of the sufficiency of his reasons and of the fact that such dissatisfaction exists; he has the right to discharge such employe for any reason when the latter's services are not satisfactory.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed July 14, 1910.

ADOLPH MARKS, for plaintiffs in error.

LAWRENCE & FOLSOM, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action for alleged breach of contract. At the conclusion of all the evidence the Municipal Court on motion directed a verdict for defendant and gave judgment against plaintiffs for costs. Plaintiffs seek to reverse this judgment.

The agreement in question is dated April 10th, 1906, and was made and entered into "by and between T. W. Dinkins, Theatrical Manager, of the City, County and State

of New York, party of the first part, and Fields & Fields, actor or actress, of the second part." By its first·clause the second party, plaintiffs herein, contracted to render services to defendant at such times and places in the United States and Canada as defendant might direct "during the theatrical season of 1906 and 1907; said season to commence and terminate at the option of the party of the first part," the defendant herein. The second clause provided that the services to be so rendered were "to be as an actor or performer, including both general and special work, 'General Business,' and in choruses, but more especially as he or she may be assigned in the theatrical company or companies designated by the party of the first part." The third clause is as follows: "The party of the second part hereby represents and asserts his or her competency and ability to fulfill the services hereby contracted for, to the entire satisfaction and approval of the party of the first part, failing which, at the election of said party of the first part, this contract is to immediately become null and void, without any liability accuring or attaching against the party of the first part thereby."

There are provisions for payment of compensation and other provisions not material to the present controversy. There is evidence tending to show that the plaintiffs started "to rehearse the show the first week in August," gave the first dress rehearsal and a full performance at Jersey City, a dress rehearsal at Providence where plaintiffs played a week; that they went from there to Boston, Worcester and Brooklyn, playing a week in each town, and from Brooklyn to Albany and Troy, thence to Montreal, Toronto, Buffalo, Detroit and Chicago. At the end of the week in Chicago plaintiffs were discharged. It is claimed that defendant had repeatedly expressed satisfaction with the show and that the discharge was in violation of the contract and because plaintiffs refused to lower their salaries.

On the part of defendant it is contended that the third clause of the contract gave defendant the right to discharge plaintiffs at any time and for any reason, of the sufficiency

of which defendant was the sole judge. By that clause the plaintiffs asserted their competency and ability to fulfill the services they contracted to render "to the entire satisfaction and approval" of the defendant, and failing in this the contract at the defendant's election became null and void, without liability on the part of defendant thereby. By discharging the plaintiffs the defendant indicated his dissatisfaction and election to nullify the contract. Under such contract the reasons for dissatisfaction were immaterial. The employer is the sole judge of the sufficiency of his reasons and of the fact that such dissatisfaction exists and has the right to discharge the employe for any reason when the latter's services are not satisfactory. Satisfaction with theatrical services involves questions of taste, fancy and judgment of a personal nature, which the employer alone can determine. Cases in point are: Crawford v. Mail & Express, 57th Northeastern Rep. (N. Y.) 616; Kendall v. West, 98 Ill. App. 116; Idem, 196 Ill. 221; Temby v. Brunt, 229 Ill. 540; International Harvester Co. v. Boatman, 122 Ill. App. 474-477.

The conclusion stated is controlling. We find no error in the action of the trial court in directing a verdict for defendant. The judgment of the Municipal Court will be affirmed.

*Affirmed.*