Rosenbaum Bros. & Company, Appellee, v. Drumm Commission Company, Appellant.

Gen. No. 17,468.

1. APPEALS AND ERRORS—*briefs.* Where appellant files a volume entitled "Statement, Brief and Argument of Appellant," consisting of 325 pages, in which many of the points are not briefly stated but are long and involved, there is not a compliance with appellate court rule 21.

2. ELECTION OF REMEDIES—*what constitutes.* In *assumpsit* for money had and received, pleas that an attachment suit was begun to recover the money in question in which defendant was summoned as garnishee, that the suit was dismissed for want of prosecution and that the institution of such attachment suit constituted an election by plaintiff and estopped him from maintaining *assumpsit*, are demurrable.

3. EVIDENCE—*pleas held bad on demurrer.* An objection to the introduction of evidence to support a plea held bad on demurrer is properly sustained.

4. INTEREST—*improperly withholding money after demand.* Where defendant received a deposit with the understanding that it should be held to abide the result of a contract between plaintiff and a third party, to be returned to plaintiff in the event that the third party should fail to comply with the contract, there being a breach of the contract by the third party, defendant refusing to return the money on demand of plaintiff is liable for interest from the time of refusal.

5. INTEREST—*assumpsit for money had and received.* In determining liability for interest on money wrongfully withheld after demand by rightful owner, it is immaterial that the action is in *assumpsit* for money had and received when it might have been in trover.

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 9, 1913. Rehearing denied January 23, 1913. *Certiorari* denied by Supreme Court (making opinion final).

JOHN GIBSON HALE, for appellant; BOTSFORD, DEATH-ERAGE & CREASON, of counsel.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On a second trial of this case the jury, on December 21, 1910, returned a verdict finding the issues for appellee (hereinafter called plaintiff) and assessing its damages at the sum of $4,270. On December 31, 1910, the trial court, after overruling a motion for a new trial, entered judgment on the verdict for $4,270 against appellant (hereinafter called defendant), and this appeal is prosecuted to reverse that judgment. Plaintiff's demand was for $3,000, "for money had and received for the use of the plaintiff," and for interest thereon from June 26, 1902, at the rate of five per cent. per annum. It is evident that the jury included in their verdict the interest claimed.

Counsel for defendant have filed in this court a printed book or volume which is entitled "Statement, Brief and Argument of Appellant." It is of extraordinary length, consisting of 325 pages. It contains a "Statement of the case" of fifty pages, "Points and Authorities" of ninety-six pages and an "Argument" of 179 pages. Within the division entitled "Points and Authorities" counsel have made 116 points and have cited in all 765 authorities. Many of the points are not briefly stated but are long and involved, and Rule 21 of the rules of practice of this court has not been complied with, viz.: that the briefs "should contain a short, clear statement of the points and the authorities in support thereof." The filing of such a long "Statement, Brief and Argument" entails great

and unnecessary additional labor upon the court and does not assist the court in its endeavor to ascertain the controlling points in the case presented, and to reach a just conclusion thereon, and we feel constrained to say that we strongly condemn such a practice.

On the former trial of this case the court, at the close of plaintiff's evidence, instructed the jury on defendant's motion, to find the issues for the defendant, which they did, and judgment for the defendant was entered. On appeal to this court the judgment was reversed and the cause remanded. In the opinion of this court, filed January 18, 1909 (146 Ill. App. 229), the main facts of the case as they appeared at the former trial from plaintiff's evidence, either admitted or offered and refused admission, are fully set forth and need not be repeated here, reference being made to said opinion. It appears from the opinion that on the former trial the trial court announced that, under the law, plaintiff could not recover, even though the evidence showed that the contract, entered into between plaintiff and Washington, had not been complied with on the part of Washington, and that no cattle had been offered or tendered to plaintiff in accordance with the terms of the contract; that it was thereupon stipulated that, instead of asking questions of the various witnesses, the attorney for the plaintiff should make an offer as to what he expected to prove by the witnesses Rosenbaum and Siders, present in court; that thereupon said attorney offered to prove that subsequently to the payment of the $3,000 a representative of defendant had said to Rosenbaum that said money would be refunded to plaintiff if the cattle were not up to contract, that Siders had made a thorough examination of the cattle and that they were not as good as the Hat cattle, but were an inferior grade in size, color and other respects, and that they complied in no respect with the terms of the contract, that plaintiff had not received any of the cattle, that demand had been made on defendant for the return to plaintiff of said $3,000,

208    Appellate Courts of Illinois.

Rosenbaum Bros. & Co. v. Drumm Commission Co., 176 Ill. App. 205.

and that payment of a draft drawn by plaintiff on defendant for said sum had been refused, and that thereupon the trial court, on defendant's objections, excluded all of the offered evidence except the offer as to said demand being made and as to said draft being refused, and instructed the jury as above stated. In its opinion this court said (p. 236):

"We cannot escape the conclusion that the defendant was, with the understanding of Washington, the plaintiff and itself, a mere depositary of the cash payment of $3,000, the deposit to abide the result of the contract, with a possible interest in defendant, depending on the performance of the contract of March 12, 1902, by both parties to that contract; but with the duty incumbent on defendant to return the money to the plaintiff, in the event that Washington should fail to comply with the contract. This, also, seems to have been defendant's understanding, as in its letter of April 18th to the plaintiff, it says: 'We presume, if the cattle are not delivered according to contract, that the money should be refunded to you, but we should have instructions from Mr. Washington to that effect.' We fail to perceive the necessity of Washington's consent or instruction to a return of the money to the plaintiff, if Washington substantially failed to perform his part of the contract with the plaintiff. In such case he would not be entitled to the money or any part of it, and it is for the defendant, who has the money, to return it. Defendant admits possession of the money, and if Washington has failed to perform his contract, neither he nor defendant has any interest in it, and no sound reason is perceived why it should not be returned to the plaintiff, whose money it is. The defendant does not claim any interest in it. * * * We are of opinion that the learned judge of the trial court erred in holding that there could be no recovery, even though Washington did not comply with the contract between him and the plaintiff. We understand the cause to have been decided on the sole ground that Washington, and not the defendant, is liable, in the event of Washington's failure to fulfill his contract. The court excluded offered evidence to

prove that Washington did not perform his contract with the plaintiff, so that the question whether he did or not is not before us.''

The evidence admitted on behalf of the plaintiff on the second trial was, so far as the main question discussed in the former opinion of this court is concerned, practically the same as was admitted on the first trial, and evidence on behalf of plaintiff was also admitted tending to show the facts which, at the former trial, plaintiff offered to prove but was not allowed to prove by the rulings of the trial court. Some of the testimony given by plaintiff's witnesses on the second trial as to certain material facts was contradicted by the testimony of some of defendant's witnesses, and it was for the jury to determine under all the evidence what the true facts were and render a verdict accordingly.

Counsel for plaintiff contend in effect that the law as laid down in the opinion of this court on the former appeal, as applied to the facts then before the court as stated in said opinion, is the law of this case, which neither the trial court on a second trial nor this court, on an appeal from the judgment entered on that second trial, has the right to disregard, unless it appears that on said second trial another or different case was made by the evidence; that this court having in its former opinion decided, under the facts proved by plaintiff's evidence or offered to be proved at the first trial, that defendant was liable to plaintiff if Washington did not perform his contract, it only remained to prove at the second trial, to the satisfaction of the jury, Washington's failure to so perform his contract, in order to entitle plaintiff to recover; that it was shown by a preponderance of the evidence on said second trial that Washington had failed to perform his contract, and that it is evident from the verdict that the jury reached that conclusion from all the evidence. With these contentions, as applied to the facts of this case, we in the main agree. Delta Bag Co. v. Kearns, 160 Ill. App. 93, 94.

After this court on the former appeal had entered its judgment reversing and remanding the case, defendant sued out a writ of error in the supreme court (case No. 6,584) to reverse that judgment. Counsel for plaintiff there made a motion to dismiss the writ of error on the ground that the said judgment of this court was not reviewable—it not being a final judgment in the case. On April 9, 1909, the supreme court dismissed the writ of error. On February 24, 1910, after the cause had been redocketed in the superior court, defendant filed two additional pleas to plaintiff's declaration, setting up in substance that, prior to the commencement of the present action, plaintiff had brought an attachment suit against Washington to recover the $3,000 here in question and had summoned the defendant as garnishee in that suit, that said attachment suit had been dismissed for want of prosecution and defendant discharged as garnishee, and that the institution of such attachment suit constituted an election of remedy by plaintiff and estopped plaintiff from maintaining the present action. A demurrer was interposed to these pleas which was sustained by the court. At the trial, when defendant sought to introduce evidence to sustain said pleas, objection was made to its introduction and the objection sustained by the court. Counsel for defendant assign as error the rulings of the court in sustaining the demurrer and in excluding said evidence. We do not think that the court erred in these rulings. Flower v. Brumbach, 131 Ill. 646; Stier v. Harms, 154 Ill. 476; Chandler v. White, 84 Ill. 435; First Nat. Bank of Crockett v. Barse Live Stock Commission Co., 198 Ill. 232.

Nor do we think, in view of the provision of the contract between Washington and plaintiff that the cattle were to be "as good cattle as the Hat cattle owned by Scott & Robinson of same sex and age—in the opinion of the party of the second part, represented by H. E. Siders," that the court, in its rulings and in its instruc-

tions regarding the binding effect of Siders' fair judgment as to the cattle, committed error prejudicial to the defendant.  9 Cyc. 617; Dvorak v. Prucha, 156 Ill. App. 514; Reeves & Co. v. Chandler, 113 Ill. App. 167; Goodrich v. Van Nortwick, 43 Ill. 445; Kendall v. West, 196 Ill. 221; Union League Club v. Ice-Machine Co., 204 Ill. 117, 126.

At the request of plaintiff, the court gave to the jury the following instructions:

"The court instructs the jury that if they find from the evidence and under the instructions of the court that plaintiff is entitled to recover, then the plaintiff is entitled to interest at the rate of five per cent. per annum from June 26, 1902, to the present date on such sum, if any, as you find from the evidence the plaintiff is entitled to."

It is contended by counsel for defendant that the giving of this instruction was erroneous in that the record in this case does not disclose such "an unreasonable and vexatious delay of payment" of the $3,000 as, under section 2 of chapter 74 of the Illinois Statutes, warrants the recovery of interest thereon.  We were under the impression at first, in the light of the meagre arguments of counsel presented in the original briefs, that plaintiff was not entitled to interest and that the court erred in giving the instruction, but after further consideration, upon rehearing, and in the light of additional arguments of counsel, we have reached a contrary conclusion.  The date mentioned in said instruction was the date when defendant refused to pay a draft for $3,000 drawn on it by plaintiff.  We think that the present record shows, as was said in the former opinion of this court (146 Ill. App. 237), "that the defendant was, with the understanding of Washington, the plaintiff and itself, a mere depositary of the cash payment of $3,000, the deposit to abide the result of the contract, * * * but with the duty incumbent on defendant to return the money to the plaintiff, in the event that Washington should fail to com-

ply with the contract,'' and we further think that the present record discloses that Washington failed to comply with his contract with plaintiff and that, therefore, it was the duty of defendant to return said sum to the plaintiff upon demand. Plaintiff on several occasions demanded its return. On April 16, 1902, plaintiff wrote defendant, ''We shall look to you for the refunding of this $3,000,'' to which letter defendant replied, April 18, 1902, ''We presume if the cattle are not delivered according to contract that this money should be refunded to you.'' On April 25, 1902, defendant wrote plaintiff, ''He (Washington) has requested and positively directed us not to remit you the $3,000. * * * *We have credited Mr. Washington's debt to us with the* $3,000.'' This correspondence, together with the refusal of the defendant to honor the draft above mentioned, discloses the fact, as it seems to us, that defendant converted to its own use the $3,000, which in justice and right belonged to plaintiff. This being so, it was proper for the court to instruct the jury as it did. While it is true that ''at common law interest was not recoverable in any case,'' and that ''its recovery depends entirely upon the statute,'' (Schwitters v. Springer, 236 Ill. 271, 275; City of Pekin v. Reynolds, 31 Ill. 529), still ''where property has been wrongfully taken or converted into money interest may be recovered.'' Schwitters v. Springer, *supra;* Northern Transp. Co. v. Sellick, 52 Ill. 249; Illinois Cent. R. Co. v. Cobb, Blaisdell & Co., 72 Ill. 148, 153. In Northern Transp. Co. v. Sellick, *supra,* it was held that if one person has the property of another in his possession, and the owner makes demand of it, and the party in possession, without right, refuses to deliver it, that will constitute a conversion of the property, and that in such case the owner is entitled to interest on the value of the property from the time of the demand and refusal. In Illinois Cent. R. Co. v. Cobb, Blaisdell & Co., *supra,* it is said: ''Where property has been wrongfully taken, or con-

verted into money, and an action of trespass or trover may be maintained, interest may properly be recovered.    And this is based *upon the statute,* which authorizes interest when there has been an unreasonable and vexatious delay of payment.    There can be no difference between the delay of payment of a moneyed demand and one where property has been wrongfully taken, or taken and converted into money or its equivalent—the two rest upon the same principle.''    In the present case we think that plaintiff, had it so elected, could have maintained an action in trover against defendant and could have recovered as damages the said sum of $3,000, together with interest thereon from the date of the conversion, and because plaintiff elected to sue in *assumpsit* for money had and received should not, under the facts of this case, deprive it of interest.    Nor is it any hardship on defendant to be required to pay interest on said sum, the use of which it had enjoyed for more than eight years prior to entry of the judgment herein.    Elgin, J. & E. Ry. Co. v. Northwestern Nat. Bank, 165 Ill. App. 35, 42.

For the reasons indicated the judgment of the Superior Court of Cook County is affirmed.

*Affirmed.*