### Marie Stevens, Defendant in Error, v. Chicago Feather Company, Plaintiff in Error.

### Gen. No. 17,210.

1. Master and servant—*instructions.* In an action by a milliner for alleged breach of the contract of employment, where defendant alleges that the employment was conditioned on the character of the work, failure on request to instruct that incompetency, if shown, is a defense, is error where there is evidence upon which to base the instruction.

2. Instructions—*evidence.* Instructions not based on the evidence are erroneous.

3. Contracts—*provision that work must be satisfactory.* If a milliner is employed for so long a time as her work is satisfactory

she may be discharged at any time her services are not satisfactory to her employer.

4. DAMAGES—*duty to lessen, on illegal discharge from employment.* If a milliner employed for a specified time at certain wages is illegally discharged on refusal to go to another store at the same wages before the expiration of such time, it is her duty to lessen the damages by accepting similar employment at the best wages she can obtain for the time of the discharge, and she is not warranted in refusing to go to such store after discharge and in accepting employment at another place at less wages unless she shows that work in such store would damage her reputation as a milliner.

5. INSTRUCTIONS—*when jury must be accurately instructed.* Where the sole witness for a plaintiff is contradicted by two witnesses, the jury must be accurately instructed as to the law.

Error to the Municipal Court of Chicago; the Hon. FRANK CROWE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed March 26, 1913.

HARRY C. LEVINSON and W. S. JOHNSON, for plaintiff in error.

J. E. INGRAM, for defendant in error.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

A verdict and judgment were rendered in this case in favor of Marie Stevens in the sum of $310 for breach of contract of employment by Chicago Feather Company, who sued out this writ of error.

Defendant in error testified, in substance, that she was a designer and trimmer of ten years' experience and was employed as such by plaintiff in error for the season ending July 1, 1910, to make models of hats and trim them and to create new styles for its millinery trade, and that her employment was to begin February 28, 1910; that she was discharged by plaintiff in error about April 1, 1910, on her refusal to go on the west side and work for another party in the same business at the request of Mr. Blazer, president of plaintiff in

error, and who claimed to have an interest in the west side store; that she refused to leave its store on State street and work in the west side store, because the business on the west side was not first class and that, as she was a first class trimmer and designer, she preferred to remain on State street in a first class store; that she was employed from April 4th to July 1, 1910, in the French Shop, 17 Congress street, and received as wages thirty dollars a week for that time, being out of employment three days before her latter employment, and that plaintiff in error had not paid her for the last three days' work with it and that it offered to pay her twenty-five dollars therefor, and that she declined to receive it.

Plaintiff in error admits that it employed defendant in error and that it owed her twenty-five dollars for her last three days' work, but insisted that the terms of her employment were fifty dollars per week for as long as she should do satisfactory work for it, and that she accepted those terms, stating that she was willing to take a chance of meeting the company's approval of her work; that her work was not at all satisfactory and that Mr. Blazer so informed her, and then told her he had an interest in the west side store and requested her to go there and work where the trade was not so exacting in styles and trimmings, and that he would pay her the same price at that store and that she absolutely refused so to do; that she failed to do first class designing and trimming according to the demands of the trade on State street; that her hats had too much sameness and the plumes were all put on the same way, and that she was repeatedly told of it; but could not, or did not, do better work. Plaintiff in error supported its defense by two witnesses, Mr. Blazer and Miss Becky Rosenberg, its manager.

The law implies a contract upon the part of an employe that he or she is competent to discharge the duties for which he or she is employed, and a breach of such a contract will warrant his or her discharge. 26 Cyc. 989; 20 Am. & Eng. Ency. of Law, 29.

If an employe represents that he is a first class workman in any trade and is employed upon that statement with the mutual understanding of himself and his employer that his employment is by reason of such representation, and is to continue only on condition that first class work be done, the incompetency of such employe, when shown, or his failure to do first class work, constitutes a breach of an express contract which will likewise warrant a discharge of the employe. The court failed on request of plaintiff in error to charge the jury that incompetency of defendant in error, if shown by the evidence, was a defense, as there was evidence upon which to base the instruction.

The court also erred in instructing the jury that, if they believed from the evidence that sending defendant in error over to West Madison street "out of his employment" was a subterfuge to have her break the contract, then she had a right to insist that she stay, etc., because there was absolutely no evidence upon which to base any finding that any such a subterfuge was resorted to, or attempted, by plaintiff in error, or any one for it. Instructions must be based on the evidence of the case. Aurora, Elgin & C. R. Co. v. Gary, 221 Ill. 29.

If her contract of employment was at fifty dollars per week for as long as her work was satisfactory, she could be legally discharged at any time her services were not satisfactory to plaintiff in error, and the court so instructed the jury. International Harvester Co. v. Boatman, 122 Ill. App. 474; Kendall v. West, 196 Ill. 221.

Defendant in error could not be sent to another store and out of plaintiff in error's employment, if working in the other store would so damage her reputation as a first class trimmer and designer as to entail financial loss to her in her future employment in her trade. It was her duty to lessen the damages she sustained by accepting similar employment at the best wages she could obtain for the time of her illegal dis-

charge, if it was illegal, and she was not warranted in refusing to go to the west side store at fifty dollars per week after her discharge and in accepting employment at another place at thirty dollars per week, except upon a proper showing by her as herein indicated.

A jury should pass upon this case under proper instructions, and we will not, therefore, consider the other error assigned, that the judgment is not supported by the weight of the evidence. Where the sole witness for a plaintiff is opposed and contradicted by two witnesses, as in this case, the jury must be accurately and properly instructed as to the law. Otherwise, there would be no verdict based upon a correct conception of the law.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*