DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1922.

---

### Roy C. Bishop, Appellant, v. Bloomington Canning Company, Appellee.

MASTER AND SERVANT—*termination of relationship where results are "unsatisfactory."* A contract of employment may be canceled by the employer for any reason deemed sufficient by him where it is provided in the contract that in the event results are "unsatisfactory" to either party, either from the standpoint of financial profits "or for any other good and sufficient reason," cancellation may be effected by either party by giving the prescribed sixty days' notice.

Appeal from the Circuit Court of McLean county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed July 10, 1922.

McKINNEY & GREAR and FRANK O. HANSON, for appellant.

LIVINGSTON & WHITMORE and MORRÍSSEY, SULLIVAN & RUST, for appellee.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

In this case Roy C. Bishop, appellant, sued the Bloomington Canning Company in the circuit court of McLean county in an action of assumpsit, to recover for salary which he claimed was due him from the appellee, under the terms of a certain written contract of employment, by which the appellant was engaged as supervising manager of the appellee's business undertaking. The contract went into effect January 1, 1919, and was to extend over a period of six years. The appellant entered into the employment provided for in the contract and continued therein until January 1, 1920, when his employment was ended because the appellee exercised a right, which he claimed, to cancel the contract by giving sixty days' previous written notice to that effect; and this notice was given to the appellant on October 27, 1919. The right to cancel the contract is contended for by the appellee under the following provision of the contract: "It is further agreed that in the event results are unsatisfactory to either party, either from standpoint of financial profits or for any other good and sufficient reason, cancellation of the contract or agreement can be effected by the giving of a written notice, either party to the other, at least sixty days previous to January first of any year during the term of the agreement." The declaration alleges that the appellee, without any reasonable or just cause, wrongfully refused to do or perform any or all the things required by the agreement, wrongfully refused to be bound by the terms of the agreement, or permit the appellant to do his part under the contract; and that the appellee still continued wrongfully to refuse to be bound by the terms of the agreement, or to do what was required of it, or permit the appellant to do his part under the contract, but without any reasonable or just cause wrongfully attempted to cancel and

terminate the agreement by giving the written notice of October 27, 1919, to cancel the agreement and terminate it January, 1920. A demurrer was filed to the plaintiff's declaration and sustained by the court. The appellant stood by his declaration, and judgment was therefore entered against the appellant in bar of his suit, and from which judgment an appeal is prosecuted.

The question presented for decision on appeal involves a construction of the clause referred to in the contract. It is appellant's contention that the clear, undoubted meaning of the language used in the contract and the clause in question is that the contract may be terminated in the event the results of the contract shall be unsatisfactory to the party asking termination, only if there is cause for such dissatisfaction, either from lack of financial profits or for some other reason equally good, or equally sufficient, to warrant the dissatisfaction with results; and it is contended that only where the subject-matter of the contract is one of taste, fancy or feeling can the right of a party, to refuse to perform, be exercised arbitrarily; and therefore the cancellation in this case could be made only for grounds which would justify a reasonable person in so acting. Cases where the satisfaction of the promisor is involved, and where such satisfaction cannot be questioned, are not confined to matters of fancy, taste or feeling, but include also matters of judgment, and in the latter cases the same principle applies; and it applies also to matters of mechanical utility and operative fitness. There is a personal thread which runs through agreements concerning all these matters, and it has caused a unanimity of judicial opinion that in this class of cases the promisee is practically debarred from questioning the ground of decision on the part of the promisor or investigating its propriety. Courts have refused to say that when a man agrees to pay, if he is satisfied with a thing of

this kind, he can be compelled to pay on proof that someone else is satisfied; thus clearly recognizing the rule that in matters not only of fancy, taste and feeling, but also in matters of judgment, there is no absolute standard as to what is good or bad, and hence leaves each man free to act on his own ideas or prejudices as the case may be. 9 Cyc. 618. The same principle applies to cases of mechanical utility and operative fitness, although the thing to be done does not involve the feeling, taste or sensibility or personal opinion of the promisor. 9 Cyc. 620. Thus this principle has been applied to cases where it was agreed that if at any time an employee's work on the increase of business secured by him should fairly justify a change of mind on the part of the conductors of the defendant's business, his salary should be increased. *Blaine v. Publishers George Knapp & Co.*, 140 Mo. 241. Cases in which a debtor agrees to pay a sum of money whenever, in his opinion, his circumstances enable him to do so have been held to involve the application of the same principle, and that in such a case the debtor is the sole judge of his ability. *Nelson v. Von-Bonnhorst*, 29 Pa. St. 352. Where the contract is silent as to the person to whom work shall be satisfactory, it is construed to mean satisfactory to the promisor. *McCormick Harvesting Mach. Co. v. Chesrown*, 33 Minn. 32; *Singerly v. Thayer*, 108 Pa. St. 291; *Barry v. Rainey*, 27 N. Y. Misc. 772, 57 N. Y. Supp. 766; *Campbell Printing-Press Co. v. Thorp*, 36 Fed. 414. Otherwise this condition would have no meaning at all. *Wood Reaping & Mowing Mach. Co. v. Smith*, 50 Mich. 565; *Hart v. Hart*, 22 Barb. (N. Y.) 606. 13 Corpus Juris, p. 675, sec. 768, contains a concise statement of the rule of law here involved, which is as follows:

"Contracts in which one party agrees to perform to the satisfaction of the other are ordinarily divided into two classes: (1) Where fancy, taste, sensibility, or judgment are involved; and (2) where the question is merely one of operative fitness or mechanical util-

ity. In contracts involving matters of fancy, taste, or judgment, when one party agrees to perform to the satisfaction of the other, he renders the other party the sole judge of his satisfaction without regard to the justice or reasonableness of his decision, and a court or jury cannot say that such party should have been satisfied where he asserts that he is not.''

Thus in the case of *Kendall v. West,* 196 Ill. 221, our Supreme Court, in construing a contract, in which the appellant agreed to render satisfactory services, says: ''The contract contained no provision in any manner limiting the appellee in the exercise of his judgment as to what should be deemed 'satisfactory services.' The appellant did not undertake to render services which should satisfy a court or jury, but undertook to satisfy the taste, fancy, interest and judgment of the appellee. It was the appellee who was to be satisfied, and if dissatisfied he had the right to discharge the appellant at any time and for any reason, of which he was the sole judge.'' The application of the same principle has been repeatedly sustained. *Union League Club v. Blymyer Ice Machine Co.,* 204 Ill. 117; *Temby v. Brunt Potter Co.,* 229 Ill. 540. A similar question was involved in *International Harvester Co. of America v. Boatman,* 122 Ill. App. 474, where the court said: ''The question whether appellant considers its interests are neglected or jeopardized is for the determination of the appellant alone, and it is not a question of what it ought to consider, or whether it had reasons for its consideration which would satisfy a court or jury.''

Construing the clause referred to in the contract in question in the light of the foregoing decisions and authorities, we are of opinion that the demurrer to the appellant's declaration was properly sustained, and the judgment is therefore affirmed.

*Judgment affirmed.*