## A. F. Nelson and C. Rydin, trading as Excelsior Die & Tool Works, Appellees, v. R. Williamson & Company, Appellant.

### Gen. No. 29,218.

SALES—*when seller entitled to recover price of goods to be manufactured.* Plaintiffs who agreed to manufacture and deliver to defendant certain dies to be used in a certain kind of press which was to be purchased by defendant and to install such dies and demonstrate their operation under actual working conditions to the satisfaction of defendant was entitled to recover the purchase price where the dies were manufactured as ordered and there was no evidence to show they were defective in any respect and the only reason they did not operate satisfactorily was that the press furnished by defendant was not in accordance with the one specified in the contract.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN F. O'CONNELL, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Affirmed. Opinion filed October 20, 1924.

CULVER, ANDREWS & KING, for appellant; JAMES B. McKEON, of counsel.

JOHN A. BUSSIAN, for appellees.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant from a judgment in the sum of $495, entered upon a finding against the defendant on plaintiffs' statement of claim and upon defendant's offset filed against plaintiffs, demanding the return of certain sums of money which had been paid under the terms of a contract between the parties.

The evidence tends to shows that on November 18, 1921, defendant gave to plaintiffs a written order for three dies which were to be delivered "f. o. b. our factory." One of these dies is described a "Com-

bination die for 10″ diameter Baby Line Body Shell. One: Trimming, Redrawing and Piercing die, and One: Combination and Perforating die for 10″ diameter.'' The agreed price to be paid for the three dies was $770.

The order expressly provides as follows: ''The above are to be installed in No. 5½ Consolidated O. B. I. Geared Power Press with 7″ die space and 6″ stroke purchased from Dale Machinery Company of Chicago and to be delivered about January 15, 1922. You are to operate the press and show satisfactory performance under actual working conditions before the dies will be accepted by us as satisfactory.  *  *  *  R. Williamson & Co., by E. W. Blaha.''

The dies were manufactured and delivered to the defendant and thereafter the sum of $275 was advanced by the defendant to plaintiffs upon the purchase price, but the defendant contends that the plaintiffs wholly failed to comply with the contract, ''in that they did not operate the press therein mentioned and show satisfactory performance under actual working conditions.'' This, it is averred, was a condition precedent to their right to demand acceptance of the dies and payment therefor.

The affidavit of merits alleges in substance that the plaintiffs experimented with the dies in connection with the ''said press'' for more than a reasonable length of time, and that they were not able to demonstrate that they were able to successfully operate said press so that it would show satisfactory performance under actual working conditions.

The defense relies upon the proposition of law (stated in numerous cases cited) that where a party agrees to do work or manufacture machines and guarantees that the same shall be satisfactory and give satisfactory service to the purchaser, the purchaser is the sole judge of that which is satisfactory to him, and that he may reject the articles made or manu-

factured so long as he acts in good faith in so doing. *Goodrich v. Van Nortwick*, 43 Ill. 445; *Bishop v. Bloomington Canning Co.*, 227 Ill. App. 1; *Kendall v. West*, 196 Ill. 221; *Union League Club v. Blymyer Ice Mach. Co.*, 204 Ill. 117, are cases in this State tending to support the rule contended for.

In some States, however, the cases in which a contract provides that the vendee must be satisfied are divided into two classes. The first class is those where circumstances appear such as to indicate that the feelings, taste or sensibility of the vendee are involved. In this class of cases the rule is rigorously applied, and in the absence of bad faith the vendor is held to the literal fulfillment of his promise that the vendee must be satisfied. The other class of cases is those where the grosser considerations of operative fitness or mechanical utility are involved. In these a more liberal rule prevails. The vendee is supposed to undertake that he will act reasonably and fairly, and it is a matter for the determination of a jury whether he has so acted. The courts of Michigan hold to this view, and the law of that State is well stated in the cases of *Wood Reaping & Mowing Mach. Co. v. Smith*, 50 Mich. 565, and *Plano Mfg. Co. v. Ellis*, 68 Mich. 101.

The defendant contends that the good-faith rule is applicable to the facts here, and that since the evidence is uncontradicted that the dies did not operate to the satisfaction of the defendant and there is no evidence that the defendant acted in bad faith in the matter, it was error for the court to make a finding against it.

The controlling facts of the case are not doubtful. There is no contention that the dies were not manufactured by the plaintiffs exactly as ordered by the defendant, and there is no evidence tending to show that these dies were defective in any respect. In the next place, the uncontradicted evidence tends to show

that the press which was furnished to be used in connection with these dies was not of the kind which was prescribed by the terms of the contract. The contract called for an "O. B. I. Geared Power Press with 7" die space." The uncontradicted evidence shows that the press furnished did not have a 7" die space, but that on the contrary the die space in this press was something like ¾" less. The uncontradicted evidence further shows that this defect in the press was the only reason that the dies did not perform in a manner satisfactory to everybody. We think it was just as much the duty of the defendant to furnish a press of the kind called for in the contract as it was for the plaintiffs to furnish dies of the kind called for by the contract. The contract states that the press was to be purchased from the Dale Machinery Company of Chicago.

The uncontradicted evidence shows that it was purchased and furnished by the defendant and not by the plaintiffs. The real question, therefore, to be determined is whether a plaintiff who has agreed to manufacture and deliver an article of a specified kind and which shall operate to the satisfaction of the defendant in connection with another article also of a definite specified kind to be furnished by the defendant, can recover the agreed price where the vendee fails to furnish the article of the kind and quality which he has agreed to furnish, and defends upon the ground that the article furnished by the vendor would not work to his satisfaction, the evidence showing that the article furnished by plaintiff was not defective. We do not think that a vendee can in such case avoid liability by a plea that the article purchased would not work to his satisfaction in connection with the defective article. We think that the furnishing of a press with a 7" die space was a condition precedent to the right of defendant to demand satisfactory performance, and that the defense set up amounts to bad faith.

The uncontradicted evidence shows that the defendant failed and refused to furnish the press, as agreed, and the evidence also tends to show that his reason for so doing was that he had come to the conclusion that he could have the articles made cheaper at another place.

We think the finding of the trial court was justified on the undisputed facts, and the judgment will therefore be affirmed.

*Affirmed.*

McSURELY, P. J., and JOHNSTON, J., concur.